[No. 20973-6-I. Division One. December 8, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT CURWOOD, *Appellant.*

*Robert Goldsmith* of *Seattle–King County Public Defender Association* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Greg R. Hubbard, William Lipscomb,* and *Jeff Ramsdell, Deputies,* for respondent.

PER CURIAM.—Robert Curwood appeals from an order of disposition entered on July 27, 1987, alleging that the juvenile court erred in denying his motion to terminate the case and release him from custody.

## FACTS

The material facts in this case are not in dispute. On March 18, 1987, Curwood was arraigned on charges that he violated the Uniform Controlled Substances Act. Curwood entered a plea of not guilty. A case–setting hearing was set for April 1, 1987. On that date, the trial court scheduled a fact–finding hearing and extended juvenile court jurisdiction to "8–12–69". On April 6, 1987, the trial court amended its earlier order to read that "jurisdiction extended to *8–12–87,* rather than 8–12–69, as indicated in prior order." Curwood turned 18 on May 12, 1987. Following a trial on June 1, 1987, Curwood was found guilty of a

violation of the Uniform Controlled Substances Act and a disposition hearing was scheduled for June 26, 1987. The parties subsequently agreed to continue the disposition hearing until July 27, 1987. At the disposition hearing, Curwood was committed to the Department of Social and Health Services for 21 to 28 weeks. Curwood's motion for a stay pending appeal was denied. Curwood subsequently moved to terminate the case and release him from custody. Following a hearing on August 17, 1987, the motion was denied. Following the filing of a notice of appeal, Curwood moved for accelerated review. The motion was granted pursuant to RAP 18.12. One issue is dispositive.

## ISSUES

Did the juvenile court lose jurisdiction over Curwood after August 12, 1987?

## DECISION

Curwood contends that he was no longer under the jurisdiction of the juvenile court after August 12, 1987. Curwood turned 18 on May 12, 1987. Since the court only extended jurisdiction over Curwood until August 12, 1987, and the court made no attempt to further extend jurisdiction beyond that date, Curwood argues that he should be released from confinement. We disagree.

■ "Jurisdiction in the juvenile court ends when the youth becomes 18, unless jurisdiction has been extended under the authority of RCW 13.40.300." *State v. Calderon*, 102 Wn.2d 348, 352, 684 P.2d 1293 (1984). RCW 13.40.300 was amended in 1986 to read as follows:

Commitment of juvenile beyond age twenty–one prohibited—Jurisdiction of juvenile court after juvenile's eighteenth birthday. (1) In no case may a juvenile offender be committed by the juvenile court to the department of social and health services for placement in a juvenile correctional institution beyond the juvenile offender's twenty–first birthday. A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the

juvenile's eighteenth birthday only if prior to the juvenile's eighteenth birthday:

(a) Proceedings are pending seeking the adjudication of a juvenile offense and the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday;

(b) The juvenile has been found guilty after a fact finding or after a plea of guilty and an automatic extension is necessary to allow for the imposition of disposition; or

(c) Disposition has been held and an automatic extension is necessary to allow for the execution and enforcement of the court's order of disposition. If an order of disposition imposes commitment to the department, then jurisdiction is automatically extended to include a period of up to twelve months of parole, in no case extending beyond the offender's twenty–first birthday.

(2) If the juvenile court previously has extended jurisdiction beyond the juvenile offender's eighteenth birthday and that period of extension has not expired, the court may further extend jurisdiction by written order setting forth its reasons.

(3) In no event may the juvenile court have authority to extend jurisdiction over any juvenile offender beyond the juvenile offender's twenty–first birthday.

(4) Notwithstanding any extension of jurisdiction over a person pursuant to this section, the juvenile court has no jurisdiction over any offenses alleged to have been committed by a person eighteen years of age or older.

"Statutes should receive a sensible construction which will effect the legislative intent and avoid unjust or absurd consequences." *In re Hoffer,* 34 Wn. App. 82, 84, 659 P.2d 1124 (1983); *accord, State v. Stannard,* 109 Wn.2d 29, 36, 742 P.2d 1244 (1987); *State v. Garrison,* 46 Wn. App. 52, 728 P.2d 1102 (1986).

In *In re Smiley,* 96 Wn.2d 950, 953, 640 P.2d 7 (1982), the Supreme Court listed the following two fundamental purposes of the Juvenile Justice Act of 1977:

The Juvenile Justice Act of 1977, RCW 13.40, abandoned the doctrine of parens patriae as the single guiding principle of juvenile justice and replaced it with twin

principles of rehabilitation and punishment. While the act seeks to "[p]rovide necessary treatment, supervision, and custody for juvenile offenders", RCW 13.40.010(2)(f), it also seeks to "[m]ake the juvenile offender accountable for his or her criminal behavior", RCW 13.40.010(2)(c), and provide for "punishment commensurate with the age, crime, and criminal history of the juvenile offender". RCW 13.40.010(2)(d). *See generally* Comment, *Waiver of Juvenile Court Jurisdiction Under the Juvenile Justice Act of 1977*, 14 Gonz. L. Rev. 369, 376 (1978).

Similarly, the extended jurisdiction provision of the act "serves the purpose of making the offender accountable past the age of majority for his or her juvenile offenses." *In re Smiley, supra* at 954. *Accord, State v. Schaaf*, 109 Wn.2d 1, 6, 743 P.2d 240 (1987); *State v. Cirkovich*, 41 Wn. App. 275, 278–79, 703 P.2d 1075 (1985). In *State v. Binford*, 90 Wn.2d 370, 374, 582 P.2d 863 (1978), the court further explained the rationale for the extended jurisdiction provision of the act as follows: "[T]he legislature clearly intended to provide juvenile courts with a rehabilitative post–majority dispositional alternative."

The key issue here is whether there is a legal basis for extending the authority of the Department of Social and Health Services over Curwood until he has served his 21– to 28–week term of confinement. The State contends that this case falls within the "automatic extension" provisions of RCW 13.40.300(1)(c). We disagree. Subsection (c) must be read in light of the proviso in RCW 13.40.300(1) which provides in pertinent part:

A juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday *only if prior* to the juvenile's eighteenth birthday . . .

(Italics ours.) Jurisdiction is therefore automatically extended under subsection (1)(c) only where the disposition occurs before the juvenile offender turns 18 and the sentence imposed includes a period of confinement beyond the offender's 18th birthday. Curwood turned 18 before he was

either adjudged guilty of the juvenile offense or a disposition was held. Subsections (1)(b) and (c) thus do not apply.

Curwood contends that subsection (a) of RCW 13.40-.300(1) also cannot be used to extend jurisdiction because the juvenile court originally only extended jurisdiction over Curwood until August 12, 1987, and that date passed without further extension under subsection (2).[1] Curwood does not dispute that the juvenile court had jurisdiction to find him guilty and sentence him, but merely claims that the court no longer retained jurisdiction to keep him confined past August 12, 1987. To read the extended jurisdiction statute as Curwood urges would result in the juvenile court losing jurisdiction whenever jurisdiction had been previously extended beyond the juvenile's 18th birthday and that period of extension expired without further action by the court. *See* RCW 13.40.300(2). Such a strict and literal interpretation of the statute would be inconsistent with the legislative intent of the act and would lead to an absurd result.

Reading the statute as a whole, the Legislature clearly did not contemplate the situation we have here where the offender was both adjudged guilty of the juvenile offense and a disposition hearing was held while the offender was still under the jurisdiction of the juvenile court. The absurdity of the omission can best be illustrated by reference to subsection (1)(b). Subsection (1)(b) only extends jurisdiction over a juvenile for as long as it takes "for the imposition of disposition". Although subsection (1)(b) automatically extends jurisdiction over a juvenile until disposition, the statute is silent as to what happens next.[2] It would be ludicrous to suggest that the Legislature intended

---

[1]RCW 13.40.300(2) provides:

"If the juvenile court previously has extended jurisdiction beyond the juvenile offender's eighteenth birthday and that period of extension has not expired, the court may further extend jurisdiction by written order setting forth its reasons."

[2]Subsection (2) only applies in cases where the juvenile court has previously extended jurisdiction under subsection (1)(a).

jurisdiction to be automatically extended over a juvenile offender under subsection (1)(b), yet did not confer upon the Department of Social and Health Services the authority to *enforce* the disposition order.

█ In *Cirkovich* this court recently construed a prior version of RCW 13.40.300 using the express purposes and goals of the act for guidance. The *Cirkovich* court found that "the normal rules of statutory construction are not helpful in divining a proper result consistent with the purposes, goals, and intent of the Act, particularly as construed by the courts." *State v. Cirkovich*, 41 Wn. App. at 278. That court read whatever additional language was necessary into the statute to advance the purposes and goals of the act. *Cirkovich*, at 279–80.

█ Applying the same principles here, we hold that the Legislature clearly intended that any juvenile offender under the jurisdiction of the juvenile court when he or she was adjudged guilty of a juvenile offense and a disposition was held may be committed by the juvenile court to the Department of Social and Health Services for service of his or her sentence. To hold otherwise and permit a juvenile offender to avoid punishment merely because of a judicial oversight "would permit a result contrary to the express purposes of the Act and not intended by the Legislature." *Cirkovich*, at 279. Consistent with the purposes of the act, *i.e.*, to hold a juvenile offender accountable past the age of 18 for his or her criminal acts, the Department of Social and Health Services retains authority to punish Curwood. *See State v. Cirkovich, supra.* Because Curwood was found guilty of the juvenile offense and sentenced prior to August 12, 1987, the expiration date specified in the court order extending juvenile court jurisdiction, the trial court did not err in denying Curwood's motion to terminate the case and release him from custody.

The cases relied upon by Curwood are clearly distinguishable. Unlike here, the charges were filed against the offenders in *Calderon* and *State v. Bushnell*, 38 Wn. App. 809, 690 P.2d 601 (1984) after their 18th birthdays. As

noted in *Calderon,* 102 Wn.2d at 351–52, "jurisdiction over offenses committed by a juvenile is to be determined at the time proceedings are instituted against the offender." Here, it is undisputed that Curwood was charged with the juvenile offense before his 18th birthday.

In summary, we read the statute to authorize the Department of Social and Health Services to supervise the juvenile offender for his or her term of confinement, regardless of whether the period of extension ordered by the court under subsection (1)(a) of RCW 13.40.300 has expired, so long as the juvenile court had jurisdiction over the offender when the disposition was held.

Affirmed.