[No. 8704-2-III.   Division Three.   May 12, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. TONY A. BARCLAY, *Appellant.*

*Katherine Steele Knox,* for appellant (appointed counsel for appeal).

*Dennis DeFelice, Prosecuting Attorney,* and *Steven Lowe, Deputy,* for respondent.

GREEN, J.—Tony A. Barclay pleaded guilty to vehicle prowling in the first degree in Franklin County. On January 27, 1987, he was sentenced to serve 45 days in jail with 4 days' credit for time served. Mr. Barclay was placed under community supervision for 12 months. As a condition of sentence he was ordered not to "violate any local, state or federal criminal statute, law or ordinance." On April 1 Mr. Barclay was arrested in Benton County for taking a motor vehicle without permission of the owner and for burglary in the second degree to which he later pleaded guilty. On June 2 the Franklin County Superior Court ordered Mr. Barclay to show cause why he should not be punished for noncompliance with the January 27 judgment and sentence. On June 23 the court found Mr. Barclay had violated the condition of his sentence and remanded him to the custody of the sheriff to serve 20 days in the county jail, consecutive to his sentence in Benton County. Mr. Barclay appeals.

The sole issue is whether the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, authorizes such a sentence.

It is Mr. Barclay's position the SRA does not authorize the condition of sentence because he is not a first offender. Citing RCW 9.94A.030(4), he argues the court exceeded its power under the SRA when it imposed the condition that he not violate the law. We are constrained to agree and reverse.

Community supervision is defined in RCW 9.94A.030(4) as

> a period of time during which a convicted offender is subject to crime–related prohibitions . . . For *first–time offenders, the supervision may include crime–related prohibitions and other conditions imposed pursuant to RCW 9.94A.120(5).*

(Italics ours.)

In sentencing a first–time offender, RCW 9.94A.120(5) allows the court to waive the imposition of a sentence

within the sentence range and impose a sentence which may include up to 90 days of confinement and a requirement that the offender refrain from committing new offenses. This statute, however, specifies that such a requirement may be imposed only on first–time offenders, which Mr. Barclay is not. For other than first–time offenders, RCW 9.94A.030(7) provides that a crime–related prohibition means

> an order of a court prohibiting conduct that *directly relates* to the circumstances of the crime for which the offender has been convicted, and shall not be construed to mean orders directing an offender affirmatively to participate in rehabilitative programs or to otherwise perform affirmative conduct.

(Italics ours.) According to David Boerner in his treatise, *Sentencing in Washington* § 4.4 (1985):

> Judges, in granting probation, have traditionally been free to impose any conditions that bear a reasonable relation to the purposes of sentencing. This power has been exercised expansively and a wide variety of affirmative conditions have commonly been required as a condition of probation by sentencing judges. *With the exception of "first–time offenders" and "sex offenders," no comparable power exists under the Sentencing Reform Act.* The only conditions of "community supervision" authorized are "crime–related prohibitions" and "other sentence conditions" imposed pursuant to the Act.
>   The most significant aspect of this limiting definition is the absence of any requirement of obeying the law as a condition of community supervision. Under the former system this requirement was a near–universal condition of probation and parole. Its rejection was intentional.

(Footnotes omitted. Italics ours.) Since Mr. Barclay was not a first–time offender, the only prohibitions which may be ordered are those which "directly relate" to the crime for which he was convicted. As Mr. Boerner states:

> While there is room for construction as to the scope of "directly relates" and the meaning of "circumstances of the crime," the intent of the Legislature is clear. . . . This express restriction is in keeping with the fundamental shift in sentencing philosophy the Sentencing

Reform Act represents. This express prohibition is another example of the care with which the Act implements its purposes.

. . .

Since the only prohibitions which may be ordered are those which "directly relate" to the crime for which the offender was convicted, *only a relatively narrow range of conduct may be prohibited as a condition of a sentence.*

. . .

The Act does not specify how certain the sentencing judge must be that the conduct being prohibited is directly related to the crime of conviction. . . . The existence of such a relationship will always be subjective, and such issues have traditionally been left to the discretion of the sentencing judge.

(Italics ours.) D. Boerner § 4.5.

▮▮ Here, the court's condition of sentence is of a general nature not *directly related* to Mr. Barclay's conviction of vehicle prowling in the first degree. Thus, since Mr. Barclay is not a first–time offender, the SRA does not authorize the imposition of his condition of sentence.

Faced with this lack of statutory authority, the State argues the condition was proper based on the overall intent of the SRA. Such an interpretation, the State contends, would allow the court some discretion in setting conditions of community supervision. The State asserts that any other approach would, in effect, make community supervision a sham since the State would only have the authority to see that payments required by the sentence were made.

In interpreting a statute, it is the duty of the court to ascertain and give effect to the intent and purpose of the legislature, as expressed in the act. Where [as here] statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute itself.

(Citation omitted.) *In re Lehman,* 93 Wn.2d 25, 27, 604 P.2d 948 (1980). Although a first–time offender may be ordered to refrain from committing new offenses, the statute does not allow such a condition to be imposed upon a repeat offender. A repeat offender may only be subject to a

prohibition which *directly relates* to the circumstances of the crime committed. RCW 9.94A.030(7). To hold otherwise undermines the basis of the standard sentencing range.

Reversed.

THOMPSON, A.C.J., and MUNSON, J., concur.

Review denied by Supreme Court September 1, 1988.