[No. 22469-7-I. Division One. February 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. DEVON LAMELL PARRAMORE, *Appellant.*

528

*Jesse W. Barton* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda K. Jacke, Deputy,* for respondent.

PER CURIAM.—Devon Lamell Parramore has filed a motion for accelerated review. A Commissioner has referred the motion to a panel of judges for consideration.[1]

Parramore entered an *Alford*[2] plea to delivery of marijuana. Parramore was sentenced to serve 90 days in the King County Jail. In spite of Parramore's objection at sentencing, he was also placed under community supervision for 1 year on condition that he, among other things,

---

[1]Parramore seeks accelerated review pursuant to both RAP 18.12 and RAP 18.15. We accelerate review pursuant to RAP 18.12 and therefore do not address the State's contention that accelerated review is not permitted under RAP 18.15.

[2]*North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

1. Comply with the following crime–related prohibitions.

a. Do not purchase, possess, have under your control or ingest any controlled substance without a prescription from a licensed physician. Report any prescription for controlled substance to the CCO within 24 hours of receipt.

b. Do not associate with drug users or drug sellers without the approval of the CCO.

2. Comply with the following monitoring measures as required by the community corrections officer:

a. Submit to urinalysis or breathalyzer as directed. Contact the community corrections officer for instruction regarding submission of urine sample.

Parramore challenges the conditions of community supervision requiring him to submit to urinalysis and Breathalyzer testing.

Former RCW 9.94A.030(4) provides that:

"Community supervision" means a period of time during which a convicted offender is subject to crime–related prohibitions and other sentence conditions imposed pursuant to this chapter by a court. For first–time offenders, the supervision may include crime–related prohibitions and other conditions imposed pursuant to RCW 9.94A-.120(5). For purposes of the interstate compact for out–of–state supervision of parolees and probationers, RCW 9.95.270, community supervision is the functional equivalent of probation and should be considered the same as probation by other states.

Since Parramore is not a first–time offender, the issue presented is whether the conditions imposed are "crime–related prohibitions." Former RCW 9.94A.030(7) defines a "crime–related prohibition" as

an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted, and shall not be construed to mean orders directing an offender affirmatively to participate in rehabilitative programs or to otherwise perform affirmative conduct.

As David Boerner states in his treatise, *Sentencing in Washington* § 4.5 (1985),

The authority to impose "crime–related prohibitions" does not carry with it the authority to require the performance of affirmative conduct. This express restriction is in keeping with the fundamental shift in sentencing philosophy the Sentencing Reform Act represents. This express prohibition is another example of the care with which the Act implements its purposes.

. . .

While this distinction may seem attenuated, it is crucial to the conceptual underpinnings of the Act. An offender may be offered the "opportunity to improve him or herself" but may not be coerced into performing affirmative conduct. The point is not that the affirmative conduct in and of itself is ineffective or undesirable, but rather that to coerce such conduct is to take power over an individual's life in excess of what is deserved for the crime that was committed. . . .

This concern, coupled with significant reservations as to the efficacy of coerced rehabilitation, resulted in the significant limitation contained in this definition. While the Legislature has allowed such powers to continue to be used within narrowly defined limits for "first–time offenders" and "sex offenders," the basic policy choice is clear. Persons may be punished for their crimes and they may be prohibited from doing things which are directly related to their crimes, *but they may not be coerced into doing things which are believed will rehabilitate them.*

Since the only prohibitions which may be ordered are those which "directly relate" to the crime for which the offender was convicted, only a relatively narrow range of conduct may be prohibited as a condition of a sentence. . . .

The Act does not specify how certain the sentencing judge must be that the conduct being prohibited is directly related to the crime of conviction. . . . The existence of such a relationship will always be subjective, and such issues have traditionally been left to the discretion of the sentencing judge.

(Footnotes omitted. Italics ours.)

In *State v. Barclay,* 51 Wn. App. 404, 405, 753 P.2d 1015 (1988), the defendant was convicted of first degree vehicle prowl and received a community supervision sentence

subject to the condition that he not "'violate any local, state or federal criminal statute, law or ordinance.'" The Court of Appeals reversed, concluding that that condition of sentence was not directly related to Mr. Barclay's conviction of first degree vehicle prowl. The court held that "the court's condition of sentence is of a general nature not *directly related* to Mr. Barclay's conviction of vehicle prowling in the first degree." *State v. Barclay, supra* at 407.

 In this case Parramore was convicted of selling marijuana. The condition requiring Parramore to submit to urinalysis is therefore directly related to his drug conviction. However, there is no evidence of any connection between Parramore's use of alcohol and his conviction for delivery of marijuana. As stated by Boerner,

There must be some basis for the "crime–related" determination if the limitation is to have any meaning. For a sentencing judge to base the determination that conduct is crime–related upon belief alone, without some factual basis, would be to read the crime–related requirement out of the statute.

D. Boerner § 4.5. Accordingly, it was error to impose the condition requiring Parramore to submit to a Breathalyzer. This condition is vacated.

Parramore next contends that the condition requiring him to submit to a urinalysis is invalid because it requires him "to participate in rehabilitative programs or to otherwise perform affirmative conduct." Former RCW 9.94A-.030(7). It is undisputed that Parramore has not been required to attend rehabilitative programs.

 Parramore claims that the drug monitoring portion of the community supervision sentence requires him to perform affirmative conduct in violation of former RCW 9.94A.030(7). We disagree. "'Statutes should receive a sensible construction which will effect the legislative intent and avoid unjust or absurd consequences.'" *State v. Curwood,* 50 Wn. App. 228, 231, 748 P.2d 237 (1987), quoting *In re Hoffer,* 34 Wn. App. 82, 84, 659 P.2d 1124 (1983).

Although "affirmative conduct" is not defined in the statute, the context in which it is used suggests active involvement in pursuit of a goal. Submission to urinalysis is merely passive, uncommitted conduct. Moreover, to construe the words as Parramore argues does not comport with the legislative purposes set forth in RCW 9.94A.010. Parramore concedes that the sentencing court may properly prohibit him from using controlled substances as a condition of community supervision. The prime purpose of the condition requiring submission to testing is not rehabilitation, but to monitor Parramore's ingestion of controlled substances. It is undisputed that the State had a right to restrict Parramore's consumption of illegal drugs.

This interpretation is consistent with the guidelines in the Sentencing Guidelines Commission's *Implementation Manual* (1988),[3] which provides at page I–41:

> If the court decides that an offender's crime was caused by drug or alcohol use, a prohibition against alcohol or drug use can be imposed during community supervision, with regular monitoring by urinalysis or breathalyzer tests.

Except for the condition requiring Parramore to submit to a Breathalyzer, the sentence is affirmed.

---

[3]The sentencing guidelines in the manual apply only to felony crimes committed after June 30, 1988. However, the statutory definition of "crime–related prohibitions" in former RCW 9.94A.030(7) has not been amended since its original enactment.