# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72364-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DONALD STEPHENS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 10, 2014 |
| | ) | |

VERELLEN, J. — Michael Stephens appeals from his judgment and sentence for his conviction of three counts of second degree child rape of his stepdaughters. Specifically, he challenges several community custody conditions and a no-contact order.

We accept the State's concession that the community custody condition precluding him from possessing or using alcohol and frequenting establishments that feature alcohol are not crime related. We also accept the State's concession that the delegation to his community custody officer (CCO) to compel him to submit to unspecified physical or psychological testing is overbroad.

We affirm the community custody condition that he not contact or communicate with minors except as authorized by his CCO and the no-contact order precluding him from direct or indirect contact with minors except as expressly authorized by the Department of Corrections (DOC).

FACTS

Stephens pleaded guilty to three counts of second degree child rape against two victims, his stepdaughters. The trial court sentenced Stephens to 155 months of incarceration and to lifetime community custody. Over several objections from Stephens's counsel, the trial court entered the community custody conditions recommended in the presentence investigation report (PSI).

The trial court imposed community custody conditions prohibiting Stephens from possessing or using alcohol and frequenting establishments that feature alcohol (condition 9), requiring Stephens to submit to physical or psychological testing whenever requested by his CCO (condition 11), and prohibiting Stephens from contacting or communicating with minors except as previously authorized by his CCO (condition 6). The trial court also entered a no-contact order prohibiting direct or indirect contact with minors unless expressly authorized by DOC.

ANALYSIS

*Alcohol-Related Condition*

Stephens contends that the trial court erred in prohibiting him from possessing or using alcohol and frequenting any establishment "where alcohol is the chief item of sale."[1] We accept the State's concession that this community custody condition should be stricken because it is neither crime related nor supported by facts in the record.

A community custody condition must be authorized by the legislature.[2] While many conditions are expressly enumerated, additional unenumerated conditions that are also authorized by the legislature may be imposed to monitor compliance with a trial court's

---

[1] Clerk's Papers (CP) at 19.

[2] State v. Pillatos, 159 Wn.2d 459, 469, 150 P.3d 1130 (2007).

order.[3] Community custody conditions that are expressly enumerated include "affirmative conduct reasonably related to the circumstances of the offense," a prohibition "from consuming alcohol," and compliance "with any crime-related prohibitions."[4] Community custody conditions that do not reasonably relate to the circumstances of the crime for which the offender has been convicted are unlawful unless specifically permitted by statute.[5] Whether a crime and a sentencing condition are related "'will always be subjective, and such issues have traditionally been left to the discretion of the sentencing judge.'"[6] We review the imposition of crime-related prohibitions for abuse of discretion.[7]

Here, nothing in the record suggests that alcohol contributed to Stephens's offenses or that the trial court's prohibition of possessing or using alcohol and frequenting establishments that feature alcohol was crime related. Although a trial court may expressly prohibit the consumption of alcohol as a lawful condition, the trial court here went a step further by prohibiting Stephens from frequenting any establishment "where alcohol is the chief item of sale."[8] The only evidence in the record relating to alcohol is

---

[3] See RCW 9.94A.030(10).

[4] RCW 9.94A.703(3)(d), (e), (f).

[5] State v. Jones, 118 Wn. App. 199, 205, 76 P.3d 258 (2003); see also RCW 9.94A.030(10) (defining "crime-related prohibition," which must have a factual nexus to the crime being punished); State v. Parramore, 53 Wn. App. 527, 530, 768 P.2d 530 (1989).

[6] State v. Berg, 147 Wn. App. 923, 942, 198 P.3d 529 (2008) (quoting Parramore, 53 Wn. App. at 530), abrogated on other grounds by State v. Mutch, 171 Wn.2d 646, 1254 P.3d 803 (2011).

[7] Pers. Restraint of Rainey, 168 Wn.2d 367, 374, 299 P.3d 686 (2010).

[8] CP at 19. The trial court determined, in imposing community custody condition 9, that "there is a self-report of some excessive use of alcohol which considering the nature of these charges certainly eliminates one's natural inhibitions." Report of Proceedings (RP) (July 30, 2013) at 13.

that Stephens "drinks typically about once a month, when he drinks about 2 beers 'typically' [and] [h]e also admits to the 'occasional drunk.'"[9] Where the condition does not relate to the circumstances of the crime, such a condition is unlawful.[10] Therefore, we conclude that the trial court lacked authority to impose community custody condition 9, and it must be stricken from Stephens's judgment and sentence on remand.

### Physical or Psychological Testing Condition

Stephens argues that the community custody condition requiring him to submit to unspecified physical or psychological testing is both unconstitutionally vague and overbroad. We accept the State's concession and remand for clarification of this condition.

Here, the trial court imposed community custody condition 11 requiring Stephens to "submit to physical and/or psychological testing whenever requested by [c]ommunity [c]orrections [o]fficer, at [his] own expense, to assure compliance with [j]udgment and [s]entence or Department of Corrections' requirements."[11] Although this condition is neither expressly enumerated in RCW 9.94A.703 nor a condition that the DOC may impose,[12] additional conditions, such as requiring an offender to undergo *specific*

---

[9] CP at 50. At sentencing, Stephens's counsel argued that "occasional drunk" appeared to be a typographical error in the presentence investigation and that it should have read "occasional drink." RP (July 30, 2013) at 12. The State concedes that the record supports only that Stephens had an occasional drink, not that he drank to excess.

[10] Jones, 118 Wn. App. at 207-08; see also Parramore, 53 Wn. App. at 531 (striking a condition prohibiting the defendant from consuming alcohol when the State failed to show any connection between his use of alcohol and his delivery of marijuana conviction).

[11] CP at 19.

[12] See RCW 9.94A.704.

physical or psychological testing, may be imposed to monitor compliance with the trial court's order.[13]

Although community custody condition 11 limits testing to "physical and/or psychological testing," it does not specify the particular testing to which Stephens may be exposed (e.g., polygraph testing, plethysmograph testing, or urinalysis testing).[14] And the type of testing covered under this condition may also be encompassed in community custody condition 13 regarding sexual deviancy treatment.[15] Because the delegation to the CCO is overbroad and vague, we accept the State's concession. On remand, the trial court may identify any specific testing necessary for monitoring compliance with the other community custody conditions imposed.[16]

*Contact with Minors*

Stephens argues that the trial court's imposition of a no-contact order and a community custody condition prohibiting contact with minors, including Stephens's non-victim biological children, violates his fundamental right to parent. We disagree.

Community custody condition 6 states that Stephens "shall not contact or communicate with: minors under the age of 18 except as previously authorized by

---

[13] See RCW 9.94A.030(10); see also State v. Vant, 145 Wn. App. 592, 603, 186 P.3d 1149 (2008) (confirming trial court's authority to order specific testing, such as random polygraph and urinalysis tests, to monitor compliance with sentencing conditions).

[14] CP at 19.

[15] Community custody condition 13 states that Stephens "shall undergo, maintain continuing progress in, and successfully complete an in-patient/out-patient sex offender treatment as set forth here: obtain a psychosexual evaluation within 30 days of release, enter into, comply with and successfully complete any recommended treatment resulting from this evaluation." Id.

[16] See, e.g., State v. Johnson, 180 Wn. App. 318, 332, 327 P.3d 704 (2014); Vant, 145 Wn. App. at 607.

CCO."[17] The no-contact order states that Stephens "shall not have direct or indirect contact with the following specified class of individuals: children under 18 years unless expressly authorized by DOC."[18]

In addition to crime-related conditions, a court may order an offender to have no contact with victims or a "specified class of individuals."[19] The specified class must bear some relationship to the crime.[20] We review "sentencing conditions for abuse of discretion."[21] A parent has the constitutional right to raise children without State interference.[22] "But parental rights are not absolute and may be subject to reasonable regulation."[23] A sentencing court may impose limitations on this right when reasonably necessary to further the State's compelling interest in protecting children.[24] A sentencing condition that affects the fundamental right to parent must be "sensitively imposed" so that it is "reasonably necessary to accomplish the essential needs of the State and public order."[25]

In State v. Corbett, the court held a no-contact order prohibiting the defendant from contact with all minor children, including his non-victim biological children, was a "valid crime-related prohibition that does not unduly burden [the defendant's] fundamental

---

[17] CP at 19.

[18] Id. at 10.

[19] RCW 9.94A.703(3)(b).

[20] State v. Riles, 135 Wn.2d 326, 350, 957 P.2d 655 (1998), abrogated on other grounds by State v. Valencia, 169 Wn.2d 782, 239 P.3d 1059 (2010).

[21] State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

[22] State v. Corbett, 158 Wn. App. 576, 598, 242 P.3d 52 (2010).

[23] Id.

[24] Id.; see also Warren, 165 Wn.2d at 32.

[25] Warren, 165 Wn.2d at 32.

parenting rights."[26] In upholding the order, the court determined that the defendant's children were at risk because he acted as a parent to the victim and abused his parenting role by sexually abusing a minor in his care.[27] Similarly, in State v. Berg, the court upheld an order prohibiting the defendant from unsupervised contact with female minors.[28] The victim, a female minor, lived with the defendant in his home where the crime occurred.[29] The court determined that "[a]n order restricting contact with other female children who lived in the home," including his biological child, "was therefore reasonable to protect those children from the same type of harm."[30]

Here, the crimes involved Stephens's role as a parent to his stepdaughters, the victims. It was therefore directly related to the crime and within the discretion of the trial court to limit contact with his two sons because his sons fell within the class of persons he had victimized like in Corbett and Berg.[31] Insofar as Stephens contends the condition and no-contact order are not narrowly tailored to meet the State's objectives, he is not completely restricted from having contact with his biological children. Both of Stephens's sons will be adults when he is released to community custody. While he remains in prison, it is reasonable for the trial court to anticipate that DOC will have a role in

---

[26] 158 Wn. App. 576, 601, 242 P.3d 52 (2010).

[27] Id. at 599-600.

[28] 147 Wn. App. 923, 943, 198 P.3d 529 (2008).

[29] Id. at 942-43.

[30] Id. at 943.

[31] M.J.S., the younger biological son, lived in Stephens's home. R.A.S., the older biological son by a prior marriage, did not live in Stephens's home. While the trial court found that "[t]here's no indication that the biological children are victims in this particular incident," it found that "they're entitled to the same protection [as the victims.]" RP (July 30, 2013) at 13.

determining contact with his sons—in visitations, correspondence, and phone calls. It was not therefore an abuse of discretion to delegate to DOC the terms and conditions of Stephens's contact with his sons while he remains in prison. Accordingly, we affirm community custody condition 6 and the no-contact order prohibiting contact with minor children, including Stephens's biological children, as a valid crime-related prohibition that does not unduly burden his fundamental parenting rights.

We reject the State's argument that these issues are not ripe for review because it is not clear what limitations, if any, DOC might impose. A claim is ripe and therefore fit for judicial determination if the issue is primarily legal, does not require further factual development, and the challenged action is final.[32] We read Stephens's challenge as primarily a legal issue: whether the trial court abused its discretion in making this delegation to DOC. Such a legal question need not wait for further factual development.

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

WE CONCUR:

---

[32] State v. Bahl, 164 Wn.2d 739, 751, 193 P.3d 678 (2008).