

FILED
COURT OF APPEALS
STATE OF WASHINGTON

2017 OCT 30  AM 9: 59

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75258-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| DOMINIQUE DEBRA NORRIS, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 30, 2017 |

SCHINDLER, J. — A court has the statutory authority to impose crime-related prohibitions as a condition of community custody. Dominique Debra Norris pleaded guilty to three counts of child molestation in the second degree. Norris challenges several of the community custody conditions. We hold the condition that requires Norris to inform the community corrections officer of a "dating relationship" and imposition of a condition that prohibits Norris from entering "any parks/playgrounds/schools where minors congregate" are not void for vagueness. The condition that prohibits her from possessing, using, accessing, or viewing sexually explicit material is crime-related. But the condition that imposes a curfew and the condition that prohibits Norris from entering sex-related businesses are not crime-related. We also conclude the court had the

statutory authority to prohibit "consumption" but not "use" of alcohol. We affirm in part, reverse in part, and remand.

Imposition of SSOSA

In August 2010, the State charged 25-year-old Dominique Debra Norris with two counts of rape in the second degree of a 13-year-old boy. Norris pleaded guilty to three counts of second degree child molestation. The State agreed to recommend imposition of a special sex offender sentencing alternative (SSOSA).

In the statement of defendant on plea of guilty, Norris admits:

> Between Dec. 1, 2009 and Feb 28, 2010 in King Co. WA I had sexual contact for the purpose of sexual gratification with D.T. who was 13 years old at the time and not married to me or in a state registered domestic partnership at the time of the contact. I was at least 36 mo. older than D.T. This happened on three occasions.

As part of the plea agreement, Norris stipulated the court could consider the certification for determination of probable cause as real facts.

The certification of probable cause states that on August 12, 2010, D.T.'s mother contacted the police after his basketball coach told her that D.T. "had been having sex with an adult female for a period of a few months." D.T.'s mother told the police, "Dominique has known the family since DT was a small boy and was aware of how old he was. [Norris] is also the mother of DT's brother's children." D.T. gave a statement to police.

The certification states Norris repeatedly had sexual intercourse with 13-year-old D.T. beginning in December 2009 and had sex "several times at Dominique's residence" and the boy's home. Norris and D.T. communicated by

cell phone and had a "code" for sex. "During the relationship as well as afterwards, Dominique sent DT messages about her love for him and also sent a photo of herself in pants and a bra. The cell phone involved . . . was being used solely by DT." The certification also states that on August 12, 2010, Norris disclosed to a member of her church "that she had been having sex with DT."

At sentencing on March 30, 2012, the court imposed a concurrent SSOSA sentence of 72 months on each count suspended on condition that Norris engage in and successfully complete sex offender treatment. The judgment and sentence states that revocation of the suspended sentence will result in 36 months of community custody and compliance with "the conditions of Community Custody set forth in Appendix H herein or any other conditions imposed by the Court." Appendix H includes standard conditions, sex offense conditions, and additional prohibitions related to crimes involving minors.

Revocation of SSOSA

Four years later, the court entered an order on May 17, 2016 revoking the SSOSA and the suspended 72-month sentence. The order states Norris shall comply with the terms of the 2012 judgment and sentence and the community custody conditions "as set forth in Appendix H of the original Judgment and Sentence."

Appeal of Community Custody Conditions

Norris challenges several of the community custody conditions. Norris contends the conditions are either (1) void for vagueness or (2) not crime-

related.[1] A defendant may assert a preenforcement challenge to community custody conditions for the first time on appeal if the challenge is primarily legal, does not require further factual development, and the challenged action is final. State v. Bahl, 164 Wn.2d 739, 751, 193 P.3d 678 (2008).

(1) Vagueness

As a general rule, the imposition of community custody conditions is within the discretion of the court and will be reversed only if manifestly unreasonable. Bahl, 164 Wn.2d at 753. The imposition of an unconstitutional condition is manifestly unreasonable. State v. Sanchez Valencia, 169 Wn.2d 782, 792, 239 P.3d 1059 (2010). There is no presumption that a community custody condition is constitutional. Sanchez Valencia, 169 Wn.2d at 793. A sentencing condition that interferes with a constitutional right must be "sensitively imposed" and "reasonably necessary to accomplish the essential needs of the State and public order." State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

The Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution require fair warning of proscribed conduct. Bahl, 164 Wn.2d at 752. A condition is void for vagueness if the condition either (1) does not define the prohibition with sufficient definitiveness that ordinary people can understand what conduct is proscribed or (2) does not provide ascertainable standards that " 'protect against arbitrary enforcement.' " Bahl, 164 Wn.2d at 752-53 (quoting City of Spokane v. Douglass, 115 Wn.2d

---

[1] Norris and the State cite a number of unpublished opinions. GR 14.1 allows parties to cite unpublished opinions as nonbinding authority. But the rule states unequivocally that "Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions." GR 14.1(c).

171, 178, 795 P.2d 693 (1990)). If either requirement is not met, the condition is unconstitutional. Bahl, 164 Wn.2d at 753. However, a community custody condition is not unconstitutionally vague " 'merely because a person cannot predict with complete certainty the exact point at which [her] actions would be classified as prohibited conduct.' " Sanchez Valencia, 169 Wn.2d at 793[2] (quoting State v. Sanchez Valencia, 148 Wn. App. 302, 321, 198 P.3d 1065 (2009)).

Norris claims the condition that requires her to inform the community corrections officer (CCO) of "any dating relationship" is unconstitutionally vague. Crime-related "Special Sex Offense Condition" 5 states:

> Inform the supervising CCO and sexual deviancy treatment provider of <u>any dating relationship</u>. Disclose sex offender status prior to any sexual contact. Sexual contact in a relationship is prohibited until the treatment provider approves of such.[3]

A condition will withstand a vagueness challenge if "persons of ordinary intelligence can understand what the [law] proscribes, notwithstanding some possible areas of disagreement." Douglass, 115 Wn.2d at 179. "Terms must be considered in the context in which used," and " '[i]mpossible standards of specificity' are not required since language always involves some degree of vagueness." Bahl, 164 Wn.2d at 759[4] (quoting State v. Halstien, 122 Wn.2d 109, 118, 857 P.2d 270 (1993)).

Citing United States of America v. Reeves, 591 F.3d 77 (2d Cir. 2010), Norris argues because the term "dating relationship" does not provide notice of

---

[2] Internal quotation marks omitted.
[3] Emphasis added.
[4] Internal quotation marks omitted.

an adequate ascertainable standard, the condition does not prevent arbitrary enforcement. Reeves does not support her argument.

In Reeves, the Second Circuit concluded a condition that required the defendant to notify the probation department " 'when he establishes a significant romantic relationship' " was unconstitutionally vague. Reeves, 591 F.3d at 80-83.[5]

> What makes a relationship "romantic," let alone "significant" in its romantic depth, can be the subject of endless debate that varies across generations, regions, and genders. For some, it would involve the exchange of gifts such as flowers or chocolates; for others, it would depend on acts of physical intimacy; and for still others, all of these elements could be present yet the relationship, without a promise of exclusivity, would not be "significant."

Reeves, 591 F.3d at 81.

Use of the term "dating relationship" is easily distinguishable from the condition in Reeves. The requirement to report a "dating relationship" does not contain highly subjective qualifiers like "significant" and "romantic." A "date" is commonly defined as "an appointment between two persons" for "the mutual enjoyment of some form of social activity," "an occasion (as an evening) of social activity arranged in advance between two persons." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 576 (2002).[6] We conclude the condition is neither unconstitutionally vague nor subject to arbitrary enforcement.

Norris also contends Special Sex Offense Condition 18 is unconstitutionally vague. Condition 18 states, "Do not enter any parks/

---

[5] Emphasis added.

[6] We note the legislature defined "dating relationship" in the context of domestic relations to mean "a social relationship of a romantic nature." RCW 26.50.010(2).

playgrounds/schools and or any places where minors congregate." Citing State v. Irwin, 191 Wn. App. 644, 364 P.3d 830 (2015), the State concedes the portion of the condition that prohibits Norris from entering "any places where minors congregate" is unconstitutionally void for vagueness. We accept the State's concession.

In Irwin, we addressed a community custody condition that prohibited the defendant from frequenting " 'areas where minor children are known to congregate, as defined by the supervising CCO.' " Irwin, 191 Wn. App. at 650-55. We held that "[w]ithout some clarifying language or an illustrative list of prohibited locations," the condition "does not give ordinary people sufficient notice to 'understand what conduct is proscribed.' " Irwin, 191 Wn. App. at 655[7] (quoting Bahl, 164 Wn.2d at 753). Because the condition was subject to definition by the CCO, the court also concluded that "it would leave the condition vulnerable to arbitrary enforcement." Irwin, 191 Wn. App. at 655.

At oral argument, Norris' attorney conceded, and we agree, that the imposition of a condition that deletes "and or any places" and states, "Do not enter any parks/playgrounds/schools where minors congregate" gives notice to ordinary persons of what is prohibited and is not unconstitutionally vague.[8] We hold the imposition of a condition that states, "Do not enter any parks, playgrounds, or schools where minors congregate" is not unconstitutionally vague or void for vagueness.

---

[7] Internal quotation marks omitted.

[8] Wash. Court of Appeals oral argument, State v. Norris, No. 75258-8-I (Sept. 27, 2017), at 1 min., 40 sec. through 2 min., 48 sec. (on file with court).

(2) Crime-Related Conditions

Norris contends the community custody conditions that impose a curfew, prohibit her from entering sex-related businesses, and prohibit her from possessing, using, or accessing sexually explicit material are not crime-related and must be stricken.[9]

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW; specifically, former RCW 9.94A.505(8) (LAWS OF 2009, ch. 389, § 1) and RCW 9.94A.703(3)(f), authorize the court to order a defendant to comply with crime-related prohibitions while on community custody. Former RCW 9.94A.505(8) states:

> As a part of any sentence, the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter.[10]

RCW 9.94A.703(3)(f) states, "As part of any term of community custody, the court may order an offender to . . . [c]omply with any crime-related prohibitions." The SRA defines a "crime-related prohibition," in pertinent part, as an "order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

Community custody conditions are "usually upheld if reasonably crime related." Warren, 165 Wn.2d at 32; see also State v. Parramore, 53 Wn. App. 527, 531, 768 P.2d 530 (1989) (there must be a factual basis for concluding the

---

[9] The court applies the statute in effect when the offense was committed. State v. Munoz-Rivera, 190 Wn. App. 870, 891 n.3 & n.4, 361 P.3d 182 (2015).

[10] The current version of the statute uses the same language and states, in pertinent part, "As a part of any sentence, the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter." RCW 9.94A.505(9).

sentence condition is crime-related) (citing DAVID BOERNER, SENTENCING IN WASHINGTON § 4.5 (1985)). "[B]ecause the imposition of crime-related prohibitions is necessarily fact-specific and based upon the sentencing judge's in-person appraisal of the trial and the offender," the appropriate standard of review is abuse of discretion. In re Pers. Restraint of Rainey, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010).

Curfew Condition

Special Sex Offense Condition 7 states:

Abide by a curfew of 10pm-5am unless directed otherwise. Remain at registered address or address previously approved by CCO during these hours.

The State concedes that the curfew condition is not crime-related and must be stricken. We accept the concession of error.

Sex-Related Businesses Condition

Special Sex Offense Condition 10 states:

Do not enter sex-related businesses, including: x-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material.

Norris contends condition 10 is not crime-related. The State cites State v. Magana, 197 Wn. App. 189, 389 P.3d 654 (2016), to argue the nature of the crime alone justifies imposition of condition 10 as crime-related. In Magana, Division Three held that because the defendant was convicted of "a sex offense, conditions regarding access to X-rated movies, adult book stores, and sexually explicit materials were all crime related and properly imposed." Magana, 197 Wn. App. at 201. To the extent Magana stands for either a categorical approach

or the broad proposition that a sex offense conviction alone justifies imposition of a crime-related prohibition, we disagree. As previously noted, there must be some evidence supporting a nexus between the crime and the condition. See State v. O'Cain, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008) (striking condition prohibiting defendant's Internet use after finding "no evidence" defendant "accessed the Internet before the rape" or "Internet use contributed in any way to the crime"); State v. Kinzle, 181 Wn. App. 774, 785, 326 P.3d 870 (2014) (State conceded, and we agreed, conditions prohibiting a sex offender from possessing sexually explicit material and frequenting establishments selling such materials were not crime-related "because no evidence suggested that such materials were related to or contributed to his crime.").

In support of a categorical approach, the State submitted Paul J. Wright, et al., A Meta-Analysis of Pornography Consumption and Actual Acts of Sexual Aggression in General Population Studies, 66 J. Comm., 183 (2015); and Drew A. Kingston, et al., Pornography Use and Sexual Aggression: The impact of frequency and type of pornography use on recidivism among sexual offenders, 34 Aggressive Behavior, 341 (2008), as additional authority. RAP 10.8 allows parties to file additional case law authority, not additional evidence. Further, public policy decisions are the prerogative of the legislature, not the courts. John Doe A v. Wash. State Patrol, 185 Wn.2d 363, 384, 374 P.3d 63 (2016); State v. Costich, 152 Wn.2d 463, 479, 98 P.3d 795 (2004).

Because there is no evidence in the record showing that frequenting sex-related businesses is reasonably related to the circumstances of the crime, the trial court must strike Special Sex Offense Condition 10.

Sexually Explicit Materials Condition

Norris challenges Special Sex Offense Condition 11. Condition 11 states:

Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your sexual deviancy provider.

Norris claims condition 11 is not crime-related. We disagree. So long as there is some evidence that the offense and the challenged condition are "reasonably" related, the condition should be upheld. Kinzle, 181 Wn. App. at 785.

Norris stipulated the court could consider the certification of determination of probable cause as real facts at sentencing. The certification establishes Norris and the 13-year-old boy had a code for sex, exchanged sex-related text messages, and Norris sent the boy "a photo of herself in pants and a bra."

We conclude the prohibition on possessing, using, accessing, or viewing sexually explicit or erotic materials is "reasonably" related to her offense. See Irwin, 191 Wn. App. at 657-59 (where defendant took and stored pornographic images as part of his act of molesting underage females, condition prohibiting possession of or access to computers was reasonably related to child molestation convictions).

<u>Use of Alcohol Condition</u>

Norris challenges Special Sex Offense Condition 12. Condition 12 states, "Do not <u>use</u> or consume alcohol."[11]

Norris concedes former RCW 9.94A.703(3)(e) (LAWS OF 2009, ch. 214, § 3) authorizes the court to impose a condition that prohibits offenders "from consuming alcohol," regardless of whether alcohol contributed to the offense.[12] See <u>State v. Jones</u>, 118 Wn. App. 199, 206-07, 76 P.3d 258 (2003) (analyzing the similar language of former RCW 9.94A.120(8)(c)(iv) (LAWS OF 1988, ch. 153, § 2), "offender shall not consume alcohol").

But Norris contends the court did not have the authority to prohibit her from the "use" of alcohol. Norris asserts there is no evidence that use of alcohol is crime-related. The State disagrees, arguing that although redundant and unnecessary, "consume" and "use" are synonymous. We disagree with the State.

"Use" of alcohol is different from the consumption of alcohol. Because former RCW 9.94A.703(3)(e) authorizes the imposition of a condition only on "consuming alcohol," on remand, the court shall strike the words "use or" from condition 12.

<u>Appellate Costs</u>

The State has not requested costs on appeal. However, Norris asks us to deny appellate costs if the State claims it is entitled to costs as the substantially

---

[11] Emphasis added.

[12] In 2015, the legislature amended RCW 9.94A.703(3)(e) to state, "Refrain from <u>possessing or</u> consuming alcohol." LAWS OF 2015, ch. 81, § 3 (emphasis in original).

prevailing party. Appellate costs are generally awarded to the substantially prevailing party. RAP 14.2. However, where a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. Under RAP 14.2, the State may file a motion for costs with the commissioner if financial circumstances have significantly improved since the finding of indigency. State v. St. Clare, 198 Wn. App. 371, 382, 393 P.3d 836 (2017).

We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

WE CONCUR: