IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35680-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT ALEXIS CASIMIRO, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Scott Casimiro appeals various sentencing conditions imposed following his guilty plea to second degree child rape. We primarily affirm, although we remand for the trial court to modify three conditions.

FACTS

Mr. Casimiro entered his plea and sought a special sexual offender sentencing alternative sentence (SSOSA). An evaluation was obtained and a presentence interview (PSI) was conducted by the Department of Corrections. The PSI documented a history of drug and alcohol abuse by Mr. Casimiro.

The trial court declined to impose the SSOSA sentence and imposed an indeterminate sentence pursuant to RCW 9.94A.507, followed by community custody for the rest of his life. Clerk's Papers (CP) at 56-57. Part of that sentence includes 28

conditions of community custody found in Appendix F to the judgment. CP at 65-67.

When asked if he objected to any conditions found in Appendix F, defense counsel took a

moment to review the appendix, indicated he was familiar with the conditions, and

advised the court that "we are not objecting to these." Report of Proceedings at 15.

Mr. Casimiro then timely appealed to this court. A panel considered his appeal

without hearing argument.

## ANALYSIS

This appeal raises numerous challenges to the conditions of community custody,

the time for reporting upon release, and one of his financial obligations. We address the

arguments in that order.

*Community Custody Conditions*

Mr. Casimiro takes a scattershot approach, arguing that 11 of the conditions are

either not crime-related or are vague, despite telling the trial judge that he had no

objection to those conditions. Given the circumstances, we will take limited review of

his arguments.[1]

Appellate review normally does not extend to arguments not raised in the trial

court. RAP 2.5(a). Courts, however, have discretionary authority to consider issues of

---

[1] He also asks that a scrivener's error in the footer section of the judgment and sentence that identifies a different person as the offender be corrected. We trust the court will correct this problem on remand.

manifest constitutional error that were not raised in the trial court, provided that an

adequate record exists to consider the claim. RAP 2.5(a)(3); *State v. McFarland*, 127

Wn.2d 322, 333, 899 P.2d 1251 (1995). Washington courts also will consider some

sentencing errors that are raised for the first time on appeal, including some claims

challenging conditions of community custody. *State v. Bahl*, 164 Wn.2d 739, 744, 193

P.3d 678 (2008). But, courts need not consider claims of constitutional error that were

invited or waived. *E.g.*, *State v. Studd*, 137 Wn.2d 533, 545-49, 973 P.2d 1049 (1999)

(invited error); *State v. Mierz*, 127 Wn.2d 460, 468, 901 P.2d 286 (1995) (waived).

Whether a sentence condition is related to the circumstances of a crime is an

inherently factual question.[2] Given Mr. Casimiro's agreement to the conditions, there

was no reason for the trial court or the parties to explain the relationship between the

crime and the subsequent conditions.[3] For that reason, we decline to consider Mr.

Casimiro's arguments that some conditions are not crime-related. He had the opportunity

to raise that contention in the trial court and, instead, agreed to the conditions.

---

[2] Determining whether a relationship exists between the crime and the condition "will always be subjective, and such issues have traditionally been left to the discretion of the sentencing judge." *State v. Parramore*, 53 Wn. App. 527, 530, 768 P.2d 530 (1989). Thus, we review sentencing conditions for abuse of discretion. *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993).

[3] The PSI also is not part of our record, which is a further reason we decline to consider the factually based challenges.

We will, however, consider contentions that solely present questions of law. *Bahl*, 164 Wn.2d at 744. Some of the conditions Mr. Casimiro challenges also have been the subject of recent litigation. Accordingly, we will summarily address several of the challenged conditions; those not addressed are affirmed without discussion.

The bulk of Mr. Casimiro's remaining legal challenges involve vagueness concerns for several of the community custody conditions. A provision is unconstitutionally vague if either a reasonable person would not understand what conduct is prohibited or if it lacks ascertainable standards that prevent arbitrary enforcement. *Bahl*, 164 Wn.2d at 752-53.

The parties agree that condition 19, limiting Mr. Casimiro from frequenting places that cater to children, is invalid. We recently discussed this condition in *State v. Johnson*, 4 Wn. App. 2d 352, 421 P.3d 969 (2018). We remand for the court to reconsider this condition in light of *Johnson*.

Mr. Casimiro challenges conditions 20 and 21 that prohibit him from possessing sexually explicit material and frequenting X-rated movies or adult book stores. These conditions are valid. *State v. Nguyen*, 191 Wn.2d 671, 679-81, 425 P.3d 847 (2018).

The next challenge is to condition 13, a provision that prohibits Mr. Casimiro from owning or possessing dangerous weapons such as hunting knives or a bow and arrow. Mr. Casimiro may well have had a strong crime-relatedness challenge to this provision, based on what little of the record is before us. Nonetheless, his vagueness challenge is the only issue before us and we do not believe the term "dangerous weapon" is vague

given the illustrative list provided. *Cf.*, *Johnson*, 4 Wn. App. 2d at 360 (illustrative list of conditions provided sufficient guidance to ascertain meaning).

Condition 5 prohibits possession of "paraphernalia for the use of controlled substances." This condition is not vague. A condition prohibiting possession of "paraphernalia" was found vague in *Bahl* because it did not reference controlled substances. 164 Wn.2d at 752. Unlike that condition, this provision does qualify paraphernalia by defining it in terms of use for controlled substances. As phrased, this condition satisfies *Bahl*.

Condition 22 requires Mr. Casimiro to notify the corrections officer and sex offender treatment therapist "of any romantic or sexual relationship" in order to assure no children might be endangered. The term "romantic" was questioned in *Nguyen*. 191 Wn.2d at 682-83. We agree that the term is "highly subjective" and problematic. *Id*. at 683. We remand with directions to strike "romantic" from this condition, and suggest that the court consider whether to substitute "dating relationship" instead. *Id*. at 681-83.

Mr. Casimiro also challenges conditions 26 and 27 that require he notify employers and landlords about his sexual criminal history. These conditions are authorized by RCW 9.94A.703(2)(b) and (3)(d), and, therefore, are within the power of the trial court to order.

The final provision we consider is a vagueness challenge to condition 23 that requires Mr. Casimiro to obtain approval from his corrections officer before engaging in

volunteer, church, and travel activities. While we believe that a reasonable person would understand this provision, it does not provide the corrections department ascertainable standards to guide its enforcement of the provision. Presumably, the court was concerned about the defendant's access to children similar to the thrust of condition 19. We thus reverse condition 23 without prejudice to the trial court's ability to substitute a similar provision that advises the department of the permissible scope of its oversight in this area.

In sum, we remand conditions 19, 22, and 23 for further consideration in light of this opinion. The remaining conditions are affirmed.

*Notification Provision*

Mr. Casimiro also challenges the sentence notification provision advising him to report to the county sheriff within 24 hours of his release from custody. CP at 59. He correctly notes that the statute gives him 72 hours to report to the sheriff, but only 24 hours to report to the department of corrections upon his release. RCW 9A.44.130(4)(a).

We question how this provision harms Mr. Casimiro since no charges could be filed except in compliance with the statute and this notification provision imposes no obligation on him. Nonetheless, since we are remanding for other reasons, the last sentence of section 1 of paragraph 5.6 should be modified to reflect that reporting to the sheriff need only occur with 72 hours, while reporting to the corrections department must occur within 24 hours.

6

*Financial Concerns*

Lastly, Mr. Casimiro challenges the imposition of the filing fee against him in light of his indigency and requests that we not impose appeal costs.

A decision released after the sentencing in this case determined that statutory changes to legal financial obligation assessments apply retroactively to cases on appeal. *State v. Ramirez*, 191 Wn.2d 732, 735, 426 P.3d 714 (2018). As a result, indigent offenders need not pay the criminal filing fee. Since Mr. Casimiro is indigent, we direct that the trial court strike that assessment.

He also asks that we disallow costs on appeal due to his indigency. By the terms of RAP 14.2 and our General Order of February 19, 2019, we leave that issue to our commissioner in the event that the State seeks costs in this court.

Remanded for further consideration in accordance with this opinion.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, C.J.