IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79270-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| EUGENE WILLIS SIMS, | ) | |
| | ) | FILED: March 2, 2020 |
| Appellant. | ) | |

VERELLEN, J. — Eugene Sims appeals from resentencing following a successful appeal of his original sentence. Sims contends the court erred by imposing a community custody condition requiring that he pay the costs of community supervision. Because Sims was indigent and the court expressed its intent not to impose any nonmandatory legal financial obligation (LFO), it appears the supervision fees were inadvertently imposed and should be stricken.

Sims also argues the court erred by maintaining his original term of incarceration after calculating a lower offender score at resentencing. Because Sims's offender score changed from 11 to 10 but all offender scores above 9 have the same standard range, Sims fails to show the court erred.

We affirm the term of Sims's incarceration but remand to strike the LFO imposing supervision fees.

FACTS

In 2017, Sims pled guilty to witness tampering and attempted second degree assault with a sexual motivation as an act of domestic violence.[1] The court calculated an offender score of 11 on the attempted assault conviction. Although it did not affect the standard range of his sentence, Sims appealed and argued the court should have calculated an offender score of 10.[2] The State conceded the error, and this court remanded for resentencing.[3]

Sims was resentenced in November of 2018. Sims was indigent at the time of resentencing, and in its oral ruling, the court "waiv[ed] any-all nonmandatory legal financial obligations."[4] But as a community custody condition, the court required that Sims "[p]ay supervision fees as determined by the Department of Corrections."[5]

Sims appeals the supervision fee of his community custody conditions and, in his statement of additional grounds, assigns error to the duration of his term of incarceration.

---

[1] State v. Sims, No. 76900-6-I, slip op. at 1 (Wash. Ct. App. Sept. 10, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/769006.pdf.

[2] Id. at 2.

[3] Id.

[4] Report of Proceedings (RP) (Nov. 13, 2018) at 31.

[5] Clerk's Papers (CP) at 52.

## ANALYSIS

As a threshold issue, the State argues Sims did not object to paying supervision fees as a condition of community custody and cannot raise the issue for the first time on appeal.

We have discretion to consider challenges to community custody conditions raised for the first time on appeal.[6] This discretion exists to ensure sentencing uniformity.[7] Erroneously imposing an LFO does not raise this concern.[8] Thus, a defendant who fails to object to imposition of an LFO cannot, generally, challenge it on appeal.[9] "This rule exists to give the trial court an opportunity to correct the error and to give the opposing party an opportunity to respond."[10]

Here, however, Sims's apparent failure to object is somewhat understandable. The trial court said it was "waiving any-all non-mandatory legal financial obligations" and declined to require any restitution.[11] The supervision fee was listed as a community custody condition and was not in the section of the judgment and sentence addressing LFOs. And Sims was indigent when sentenced. We will consider the merits of Sims's argument.[12]

---

[6] State v. Casimiro, 8 Wn. App. 2d 245, 249, 438 P.3d 137, review denied, 193 Wn.2d 1029 (2019); RAP 2.5(a).

[7] State v. Blazina, 182 Wn.2d 827, 834, 344 P.3d 680 (2015).

[8] Id.

[9] Id. at 832.

[10] Id. at 832-33.

[11] RP (Nov. 13, 2018) at 31.

[12] RAP 2.5(a); RAP 1.2(a).

In our recent decision in State v. Dillon, we reasoned that supervision fees can be waived by the trial court and, thus, are discretionary LFOs.[13] In Dillon, an indigent defendant argued the trial court improperly imposed community custody supervision fees.[14] We remanded to strike the fees because the record showed "that the trial court intended to waive all discretionary LFOs, but inadvertently imposed supervision fees because of its location in the judgment and sentence."[15] We are presented with a substantially similar record here and similarly conclude that remand is appropriate to strike the imposition of supervision fees.

In his statement of additional grounds, Sims argues the court erred by not imposing a shorter term of incarceration because his offender score changed from 11 to 10. The offender score changed only for Sims's conviction for attempted second degree assault,[16] so he appears to challenge his term of incarceration for that crime alone.

For that conviction, the court calculated an offender score of 10. RCW 9.94A.510 is the sentencing table for the Sentencing Reform Act of 1981. The table sets the same standard range for all offenses at the same seriousness level with an offender score above 9. As the court explained to Sims at

---

[13] No. 78592-3-I, slip op. at 17 (Wash. Ct. App. Feb. 3, 2020), https://www.courts.wa.gov/opinions/pdf/785923.pdf.

[14] Id. at 17-18.

[15] Id. at 18.

[16] Compare CP at 22 (offender score of 11 for conviction for attempted assault), with CP at 45 (offender score of 10 for the same).

resentencing, adjusting his offender score from 11 to 10 did not affect the standard range of his sentence. The court was not compelled to give a lower sentence and did not err.

Therefore, we affirm Sims's term of incarceration but remand to strike imposition of supervision fees.

WE CONCUR: