IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34395-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID VASQUEZ ALCOCER, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — David Alcocer appeals from his convictions on two counts of third degree assault with sexual motivation, challenging three of the conditions of community custody imposed by the trial court. Adhering to our decision in *State v. Magana*, 197 Wn. App. 189, 389 P.3d 654 (2016), we largely affirm the trial court, but the matter is remanded for clarification of the language and scope of some of the conditions.

FACTS

Mr. Alcocer pleaded guilty to charges involving his stepdaughter, whom we need not identify by name. Mr. Alcocer has two biological children with the stepdaughter's mother, who also has two other children from a previous relationship. The record reflects that the victim was twelve years of age. The ages of the other children are not revealed in the record, although it is likely that his biological children are younger than the victim.

The court imposed a standard range sentence of 27 months in prison, followed by 36 months of community supervision during which he must be evaluated and, if necessary, undergo treatment for sexual deviancy. In addition to typical conditions of supervision, the court imposed the following "other conditions" of community custody:

- Have no contact with minors under the age of 18 without prior approval from his supervising Community Corrections Officer and/or his sex offender treatment provider.
- Obtain a sexual deviancy evaluation, at your own expense, and follow through with recommended treatment if directed by your community corrections officer or therapist;
- Submit to a polygraph and/or plethysmograph testing upon the request of your therapist and/or community corrections officer, at your own expense.
- Shall not use or possess any pornographic materials, to include magazines, internet sites, and videos.
- Have absolutely no contact with the victim.

Clerk's Papers at 96.

Mr. Alcocer timely appealed to this court, challenging three of the "other conditions" of his community custody. A panel considered the case without oral argument.

ANALYSIS

Mr. Alcocer challenges the possession of pornographic materials restriction, the plethysmograph requirement, and the restriction on his contact with minors. We address those contentions in the order listed.[1]

---

[1] Mr. Alcocer also filed a statement of additional grounds alleging ineffective assistance by his trial counsel. His allegations involve matters outside the record of this appeal. His remedy is to file a personal restraint petition in which he can marshal his evidence and attempt to prove his argument. *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

*Possession of Pornographic Materials*

Mr. Alcocer challenges this condition on the basis that it is unconstitutionally vague and that it was unrelated to his crime. We agree with the former contention, but not the latter.

This initial contention involves an issue that has been settled long enough that it should not be recurring. Appellant argues, and respondent agrees, that the possession of "pornography" condition is unconstitutionally vague. We also agree. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008); *State v. Sansone*, 127 Wn. App. 630, 639, 111 P.3d 1251 (2005). We remand for the court to change the restriction to limit use or possession of materials depicting "sexually explicit conduct" as defined in RCW 9.68A.011.

Mr. Alcocer, however, also argues that sexually explicit material was not involved in his offenses and should not, therefore, be a crime-related prohibition in his case. Although acknowledging our decision in *Magana*, he urges that we recede from it because the decision (allegedly) conflicts with the legislature's narrow definition of crime-related prohibitions.[2] We disagree.

---

[2] Appellant also contends *Magana* is inconsistent with *State v. Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870 (2014). Although we agree that *Kinzle* is inconsistent in result with *Magana*, and now with this decision, we simply note that in *Kinzle* the prosecutor conceded the issue and the court accepted the concession without significant discussion.

Crime-related prohibitions are orders directly related to "the circumstances of the crime." RCW 9.94A.030(10). Determining whether a relationship exists between the crime and the condition "will always be subjective, and such issues have traditionally been left to the discretion of the sentencing judge." *State v. Parramore*, 53 Wn. App. 527, 530, 768 P.2d 530 (1989). Thus, we review sentencing conditions for abuse of discretion. *State v. Riley*, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). An abuse of discretion occurs when the imposition of a condition is manifestly unreasonable. *State v. Valencia*, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010).

In *Magana*, the trial court imposed a restriction on access to sexually explicit materials upon an offender convicted of third degree child rape. 197 Wn. App. at 193-94, 201. We found the appellant's argument that the condition was unrelated to his offense "unpersuasive" in light of the fact that he had been convicted of a sex offense. *Id.* at 201.

Believing that conviction for a sex offense is insufficient justification for a limitation on possessing sexually explicit materials, Mr. Alcocer asks that we reconsider our position. Having reconsidered the issue at his request, we adhere to that position. *Magana* did not create a new condition of community custody; it simply recognized the trial court's discretionary authority to impose the restriction when deemed necessary.

Written or visual depictions of sexually explicit conduct do not enjoy robust First Amendment protections. U.S. Const. amend. I; *see Ginsberg v. New York*, 390 U.S. 629, 88 S. Ct. 1274, 20 L. Ed. 2d 195 (1968). Such depictions have no overriding artistic or

scholarly value. Instead, they consist of "material intended to stimulate, arouse, or the like." *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015). An individual who has been convicted of a sex offense has demonstrated an inability to control sexual stimulation and arousal. Accordingly, the State has a legitimate interest in restricting access to sexually explicit content in an effort to reduce recidivism. In addition, the sexual activity portrayed in pornography typically fails to model realistic behavior or affirmative consent by equal partners. The simple fact of a sex offense conviction is indicative of a defendant's manifest inability to process the complex messages sent by pornography in a healthy and legal manner. Just as the State has an interest in restricting access to explicit pornography by minors, *see Ginsberg*, so too does it have a legitimate interest in restricting access to those convicted of sex offenses.

Accordingly, we believe it is not manifestly unreasonable for trial judges to restrict access to sexually explicit materials for those convicted of sex offenses.[3] Therefore, the trial court did not abuse its discretion by imposing this condition.

*Plethysmograph Requirement*

The remaining issues are controlled by settled law and need only briefly be discussed. Plethysmograph testing may be used only for sexual deviancy treatment and

---

[3] In those instances, such as in this case, where the court has ordered deviancy treatment, the restriction should carry language that exempts use of sexually explicit materials at the direction of a treatment provider. *E.g.*, *State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008).

may not be used for monitoring. *State v. Riles*, 135 Wn.2d 326, 342-46, 957 P.2d 655 (1998); *State v. Castro*, 141 Wn. App. 485, 494, 170 P.3d 78 (2007). Although we appreciate the clear and succinct language used by the trial court to alert Mr. Alcocer to his obligation to undergo polygraph or plethysmograph testing upon direction of supervising authorities, combining those directives in this instance could be read as improperly authorizing the community corrections officer to require plethysmograph testing. That is an improper use of the monitoring authority given to the community corrections officer. *Riles*, 135 Wn.2d at 344-46.

Upon remand, the court should clarify that the plethysmograph should only be used at the direction of the sexual deviancy evaluator and/or treatment provider.[4]

*Contact with Minors*

Mr. Alcocer also contends that the no contact with minors provision improperly limits his contact with his own biological children. However, he did not challenge the provision in the trial court and the record does not support the allegation since we cannot tell the ages of his two children. Although it is likely that they are younger than the victim, that is not a foregone conclusion.

---

[4] For example, the provision might be rewritten along the following lines: "Submit to polygraph testing upon request of CCO; and if the sexual deviation evaluation recommends treatment, the defendant shall also submit to polygraph and plethysmograph testing in conjunction with such treatment."

No. 34395-2-III
*State v. Alcocer*

However, since the case is being remanded for other reasons, Mr. Alcocer is free to raise this issue before the trial court. Limitations on contact with one's own children must be imposed sensitively with respect for the offender's constitutional right to parent and are subject to strict review. *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 377, 229 P.3d 686 (2010); *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008), *cert. denied*, 129 S. Ct. 2007 (2009). The State has a compelling interest in preventing harm to children. *State v. Corbett*, 158 Wn. App. 576, 598, 242 P.3d 52 (2010). Thus, it can be permissible to prohibit an offender from contacting his own children. *Id.* at 599-600; *State v. Berg*, 147 Wn. App. 923, 927, 198 P.3d 529 (2008). *Corbett* and *Berg* are factually similar cases and should inform the trial court's decision on this issue.

Remanded for further proceedings.[5]

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.

---

[5] Mr. Alcocer also asks that we waive costs on appeal. That matter will be considered by our commissioner in the event the State seeks costs. RAP 14.2.