IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34928-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| BRANDON JERALD JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — When sentencing an individual to a term of community custody, trial courts are tasked with crafting supervision conditions that are sufficient to promote public safety, but also respectful of a convicted person's statutory and constitutional rights. Striking the right balance is no easy task, especially in the context of an appellate legal landscape that is in flux and does not always set clear standards.

Brandon Johnson's case is one where the trial court's efforts to impose appropriate community custody conditions unfortunately fail to meet the rigors of appellate scrutiny. Mr. Johnson has challenged five of his community custody conditions, imposed pursuant to his child molestation conviction. Four of the challenged conditions prohibit Mr.

Johnson's access to images or media containing some form of sexual content. The fifth condition prohibits Mr. Johnson from being present at locations where children congregate. Mr. Johnson's challenges to the prohibitions on media access must be sustained as either overbroad or not crime related. The condition restricting Mr. Johnson's access to certain locations is affirmed, but warrants slight modification so as to define the word "children" to mean individuals under 16 years of age. We therefore remand for resentencing as to Mr. Johnson's community custody conditions.

## FACTS

Mr. Johnson's criminal charges arose from conduct with his female adolescent cousin. Mr. Johnson had been living with his aunt and uncle (the cousin's parents) when his uncle discovered Mr. Johnson rummaging through his cousin's clothes. Later, Mr. Johnson asked his uncle for lotion to use for masturbation. Mr. Johnson's uncle subsequently found women's underwear in Mr. Johnson's room.

Around the same time as the discoveries by Mr. Johnson's uncle, the cousin reported to her mother that Mr. Johnson had twice snuck into her room after dark. Mr. Johnson's aunt subsequently caught Mr. Johnson sneaking into his cousin's room.

Mr. Johnson's cousin subsequently informed her mother that Mr. Johnson had touched her breasts twice, her bottom once, and had attempted to kiss her. The cousin

2

reported that Mr. Johnson frequently sought to talk to her about masturbation and about her breasts.

Mr. Johnson's aunt and uncle immediately reported Mr. Johnson's behavior to the police.

## PROCEDURAL BACKGROUND

The State of Washington charged Brandon Johnson with second degree child molestation. During a bench trial, Mr. Johnson testified and denied any sexual contact with his cousin. The trial court convicted Mr. Johnson of second degree child molestation based on one of the two episodes described by his cousin.

The trial court sentenced Mr. Johnson to 18 months' confinement with an additional 36 months' community custody. The community custody conditions include:

> (14) Avoid places where children congregate to include, but not limited to: parks, libraries, playgrounds, schools, school yards, daycare centers, skating rinks, and video arcades.
> . . . .
> (17) Do not possess or view material that includes images of nude women, men, and/or children.
> (18) Do not possess or view material that includes images of children wearing only undergarments and/or swimsuits.
> (19) Do not possess or view material that shows women, men, and/or children engaging in sexual acts with each other, themselves, with an object, or animal.
> (20) Do not attend X-rated movies, peep shows, or adult book stores.

3

Clerk's Papers (CP) at 41. Mr. Johnson did not object to any of the conditions during

sentencing. The trial court entered no findings of fact that relate the community custody

conditions to Mr. Johnson's crime of child molestation.

ANALYSIS

Mr. Johnson appeals the trial court's imposition of the aforementioned community

custody conditions.[1] He contends the trial court lacked statutory authority to enter

conditions 17-20. He further contends that all challenged conditions (including condition

14) are unconstitutional. Although no objection was raised to the conditions during the

superior court proceedings, Mr. Johnson's contentions are amenable to review for the first

time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008); *State v.

Irwin*, 191 Wn. App. 644, 650-51, 364 P.3d 830 (2015).

---

[1] Mr. Johnson also initially challenged the trial court's failure to enter written
findings of fact and conclusions of law following his bench trial. That omission has since
been corrected and therefore need not be addressed. Mr. Johnson has also filed a
statement of additional grounds for review, alleging 10 additional claims of error.
Because Mr. Johnson's additional claims either rest on allegations outside the record or
request that this court reweigh evidence, we decline review. *State v. Calvin*, 176 Wn.
App. 1, 26, 316 P.3d 469 (2013); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App.
710, 717, 225 P.3d 266 (2009). Issues involving facts or evidence outside the current
record are properly raised through a personal restraint petition, not a statement of
additional grounds. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

No. 34928-4-III
*State v. Johnson*


*Conditions restricting access to images and media*

Mr. Johnson asserts that community custody conditions 17, 18, 19, and 20 lack a

relationship to his crime and thus are unlawful. He further contends that these conditions

violate his constitutional right to free speech.[2] Conditions 17 and 18 prohibit possessing

or viewing nude images or images of children wearing only undergarments or swimsuits.

Conditions 19 and 20 prohibit viewing sexually explicit activity and attendance at X-rated

movies, peep shows, or adult book stores.

*Relevant legal standards*

Trial courts are authorized to impose a variety of discretionary community custody

conditions as part of a criminal sentence. The applicable statute declares:

> **Discretionary conditions.** As part of any term of community
> custody, the court may order an offender to:
>     (a) Remain within, or outside of, a specified geographical boundary;
>     (b) Refrain from direct or indirect contact with the victim of the
> crime or a specified class of individuals;
>     (c) Participate in crime-related treatment or counseling services;
>     (d) Participate in rehabilitative programs or otherwise perform
> affirmative conduct reasonably related to the circumstances of the offense,
> the offender's risk of reoffending, or the safety of the community;
>     (e) Refrain from consuming alcohol; or
>     (f) *Comply with any crime-related prohibitions*.

Former RCW 9.94A.703(3) (2009) (emphasis added).

---

[2] U.S. CONST. amend. I; WASH. CONST. art. I, § 5.

A crime-related prohibition "means an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). We have interpreted this language to mean a sentencing court may impose conditions "reasonably related" to the crime. *State v. Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870 (2014) (citing *State v. Autrey*, 136 Wn. App. 460, 468, 150 P.3d 580 (2006).

In addition to meeting the statutory requirements under RCW 9.94A.703(3), community custody provisions must also pass constitutional muster. Although courts are not prohibited from imposing community custody conditions that impinge on a defendant's free speech rights, such conditions must be sensitively imposed in a manner that is "reasonably necessary to accomplish essential state needs and public order." *Bahl,* 164 Wn.2d at 757-58.

*Application of the legal standards to Mr. Johnson's case*

Conditions 17 and 18, restricting Mr. Johnson's access to nude images and images of children wearing only undergarments and/or swimsuits, are invalid in that they are both overbroad and not crime related. While Mr. Johnson was convicted of an offense against a minor and appears to have had an interest in undergarments and masturbation, there is no indication that Mr. Johnson was aroused by the type of nonerotic images described in

conditions 17 and 18. At the same time, conditions 17 and 18 encompass broad swaths of materials with significant social value. For example, condition 17, prohibiting possession or viewing material that includes images of nude men, women, and/or children, would extend to medical text books, health-related internet sites, and most art museums. Condition 18, prohibiting possession or viewing material that includes images of children wearing only undergarments and/or swimsuits, would extend to countless advertisements for diapers and sunscreen that are depicted in newspapers and magazines. There is no indication that such a broad prohibition on constitutionally-protected materials is reasonably necessary for public order or safety. Accordingly, conditions 17 and 18 must be struck. *State v. Padilla*, 190 Wn.2d 672, 416 P.3d 712, 717 (2018).

Conditions 19 and 20 meet a similar fate. Although we have previously affirmed analogous conditions in the face of statutory and constitutional challenges, *see State v. Alcocer*, 2 Wn. App. 2d 918, 413 P.3d 1033 (2018) and *State v. Magana*, 197 Wn. App. 189, 389 P.3d 654 (2016), the Supreme Court's recent decision in *Padilla* compels us to reverse course. Pursuant to *Padilla*, "[t]here is currently no connection in the record" between Mr. Johnson's offense conduct and the type of materials and locations identified in conditions 19 and 20. 416 P.3d at 719. The mere fact that Mr. Johnson has been convicted of a sex offense, and thus exhibited an inability to control sexual impulses, is

7

insufficient to provide the necessary link. *Id*. To the extent that our prior decisions in

*Alcocer* and *Magana* condoned conditions such as 19 and 20 as generally crime related in

sex offense cases, those decisions appear to no longer be good law after *Padilla*.

*Vagueness challenge*

Mr. Johnson challenges the remaining community custody condition (condition 14)

solely on vagueness grounds. Condition 14 demands Mr. Johnson "[a]void places where

children congregate to include, but not limited to: parks, libraries, playgrounds, schools,

school yards, daycare centers, skating rinks, and video arcades." CP at 41.

Due process requires that citizens have fair warning of proscribed conduct. *State*

*v. Sanchez Valencia*, 169 Wn.2d 782, 791, 239 P.3d 1059 (2010). This requirement

extends to community custody conditions. To be valid, a community custody condition

must be sufficiently definite that an ordinary person can understand what conduct is

proscribed. *Bahl*, 164 Wn.2d at 752-53. The condition also must be worded so as to

protect against arbitrary enforcement. *Id*.

We disagree with Mr. Johnson's complaint that condition 14 is impermissibly

vague. As written, condition 14 indicates the first clause—places where children

congregate—modifies the clause that provides the illustrative list. Viewed in its entirety,

condition 14 provides fair warning of the areas Mr. Johnson is to avoid and it is not

8

susceptible to arbitrary enforcement. *Cf. Irwin*, 191 Wn. App. at 652-53; *see also United States v. Paul*, 274 F.3d 155, 165-66 (5th Cir. 2001) (condition not unconstitutionally vague when phrase "'in any area in which children are likely to congregate'" modifies a list of specific locations)(quoting *United States v. Peterson*, 248 F.3d 79, 86 (2d Cir. 2001)). The fact that the list of prohibited places in condition 14 is not exhaustive does not render it invalid. *Paul*, 274 F.3d at 166-67; *Sanchez Valencia*, 169 Wn.2d at 793 ("[A] community custody condition 'is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.'")(internal quotation marks omitted)(quoting *City of Seattle v. Eze*, 111 Wn.2d 22, 27, 759 P.3d 366 (1988)).

None of the terms utilized in condition 14 make it confusing or difficult to follow. In the context of a sex offense, the term "children" refers to individuals under the age of 16. RCW 9A.44.073-.089.[3] In addition, the word "congregate" means "to collect together into a group, crowd, or assembly." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 478 (1993). Given these applicable definitions, condition 14 fairly instructs Mr. Johnson about what locations are prohibited. Under the terms of his community

---

[3] Because this definition may not be readily apparent to someone outside the criminal justice system, condition 14 shall be modified on remand to specify that Mr. Johnson shall avoid places where "children under 16 congregate . . . ."

custody, Mr. Johnson must avoid locations where individuals under 16 collect together in groups. Outside of special circumstances (such as a children's day or event), universities, national parks, and adult areas of worship would not be covered. While the exact confines of condition 14 are not amenable to description, the condition provides Mr. Johnson sufficient notice to allow for compliance and it comports with constitutional protections.

## CONCLUSION

This matter is remanded for resentencing. On remand, the trial court may only restrict Mr. Johnson's access to sexually explicit materials or vendors if the record indicates that doing so is justified by the nature of Mr. Johnson's offense conduct or if it is required for compliance with a court-ordered treatment program. The court should also amend community custody condition 14 so as to clarify that the term "children" refers only to individuals under 16 years of age. Mr. Johnson's request to deny an award of appellate costs is granted.

_____
Pennell, A.C.J.

I CONCUR:

_____
Siddoway, J.

10

No. 34928-4-III

FEARING, J. (dissenting in part) — I agree with the majority's ruling vacating

Brandon Johnson's community custody conditions 17, 18, 19, and 20. I agree with the

majority that Johnson's community custody condition 14 must be reformed, but I would

direct reformation beyond that directed by the majority. The trial court should modify

the condition beyond defining "children" to be minors under the age of sixteen.

Condition 14 should also be modified to fairly instruct Johnson as to restricted locations.

Brandon Johnson challenges community custody condition 14 on vagueness

grounds. The condition demands that Johnson "[a]void places where children congregate

to include, but not limited to: parks, libraries, playgrounds, schools, school yards, daycare

centers, skating rinks, and video arcades." Clerk's Papers at 41. Since vagueness

challenges focus on the precise language of the community custody condition, I note that

condition 14 lists eight nonexclusive prohibited areas. Johnson could violate the

community custody by entering other unlisted places where children congregate. Also,

the sentencing court did not employ the phrase "such as" before listing the eight location

examples. Thus, the court did not limit community custody condition 14 to locations

similar in nature to the eight examples. Johnson could violate his conditions by entering

an area disparate in character from the identified sites. I deem these observations controlling and would hold that community custody condition 14 lacks constitutional specificity.

The law demands that the legislature describe a crime in specific, not vague, language, so that citizens and law enforcement may comprehend the variety of human conduct that the legislature intends to proscribe, prevent, and punish. *City of Spokane v. Douglass*, 115 Wn.2d 171, 179, 795 P.2d 693 (1990). The legislature holds a duty to write statutes with specificity. *State v. Richmond*, 102 Wn.2d 242, 248, 683 P.2d 1093 (1984). In the state of Washington, the demand for precision in criminal statutes arises from three constitutional provisions. Both the United States and the State of Washington Constitutions prohibit the government from depriving one of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1; CONST. art. I, § 3. In addition, article I, section 22 of the Washington Constitution, grants an accused, in a criminal prosecution, "the right . . . to demand the nature and cause of the accusation against him." These constitutional sections generate the void for vagueness doctrine. *State v. DeVore*, 2 Wn. App. 2d 651, 660, 413 P.3d 58 (2018).

The void for vagueness doctrine addresses legislative enactments, not court sentences. In turn, I note that Washington courts have refused to review vagueness challenges to sentencing statutes because the void for vagueness doctrine applies only to

2

statutes that proscribe criminal conduct. *State v. Baldwin*, 150 Wn.2d 448, 78 P.3d 1005 (2003); *State v. DeVore*, 2 Wn. App. 2d at 661 (2018). Nevertheless, no Washington decision has rejected a vagueness challenge to community custody conditions on the basis that the doctrine does not extend to sentencing conditions. I deem reviewing the challenge to community custody conditions acceptable because the challenge does not merely concern the length of a sentence or the amount of a fine, but forbids conduct, the commission of which could lead to more imprisonment. The State does not request that we refuse to address the merits of Brandon Johnson's vagueness challenge.

Many courts apply to sentencing conditions the same vagueness doctrine that operates with respect to statutes and ordinances. *State v. Bahl*, 164 Wn.2d 739, 753, 193 P.3d 678 (2008). Nevertheless, application of the doctrine bears one important distinction in the context of community custody conditions. In the case of statutes and ordinances, the challenger bears a heavy burden of establishing unconstitutionality of the law. *State v. Bahl*, 164 Wn.2d at 753. We do not presume the constitutional validity of community custody conditions. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015).

The due process vagueness doctrine under the Fourteenth Amendment and article I, section 3 of the Washington State Constitution requires that citizens have fair warning of proscribed conduct. *City of Spokane v. Douglass*, 115 Wn.2d at 178 (1990). A statute

3

is unconstitutionally vague if it (1) does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983); *State v. Bahl*, 164 Wn.2d at 752-53 (2008). If the State does not satisfy either of these requirements, the condition is unconstitutionally vague. *State v. Bahl*, 164 Wn.2d at 753.

In deciding whether a term is unconstitutionally vague, we do not consider the terms in a "vacuum," but within their context with other words. *State v. Bahl*, 164 Wn.2d at 754. If persons of ordinary intelligence can understand what the law proscribes, notwithstanding some possible areas of disagreement, the law is sufficiently definite. *State v. Bahl*, 164 Wn.2d at 754. A community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct. *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010). We test, in part, whether a condition guards against arbitrary enforcement by looking to whether it proscribes conduct by resort to "inherently subjective terms." *City of Spokane v. Douglass*, 115 Wn.2d at 181 (quoting *State v. Maciolek*, 101 Wn.2d 259, 267, 676 P.2d 996 (1984)).

Brandon Johnson highlights *State v. Irwin*, 191 Wn. App. 644 (2015) as confirming his argument. The trial court convicted Samuel Irwin of child molestation

4

and possession of depictions of minors engaged in sexual conduct. On appeal, this court voided a community custody condition that commanded Irwin not to "frequent areas where minor children are known to congregate, as defined by the supervising CCO [community corrections officer]." *State v. Irwin*, 191 Wn. App. at 652 (footnote omitted). In remanding, this court noted that, without some clarifying language or an illustrative list of prohibitions, ordinary people lacked sufficient notice of the proscribed conduct. This court additionally noted the imprecision of the description "public places where children are known to congregate." *State v.* Irwin, 191 Wn. App. at 654. This court suggested that a list of forbidden sites might survive challenge. This court also suggested that the term "areas of high concentration of children" will survive scrutiny before "areas of concentration of children." *State v. Irwin*, 191 Wn. App. at 655.

The *Irwin* court also emphasized that the challenged community custody condition left discretion to the community custody officer to discern prohibited territory. A provision bestowing discretion on a government official acknowledges the lack of ascertainable standards for enforcement.

Similar in nature to *State v. Irwin* is our recent decision in *State v. Magana*, 197 Wn. App. 189, 389 P.3d 654 (2016). Sergio Magana challenged community custody condition 14, that read: "Do not frequent parks, schools, malls, family missions or establishments where children are known to congregate or other areas as defined by

5

supervising CCO [community corrections officer], treatment providers." *State v. Magana*, 197 Wn. App. at 200 (alteration in original). We observed that the condition empowered the community custody officer to designate prohibited spaces and could result in arbitrary enforcement. While the condition listed several prohibited locations and explained that the list covered places where children congregate, the condition did not limit the officer's designation authority to either the list or an explanatory statement. In a footnote, we suggested that a properly worded condition restricting Magana's access to areas where children are known to congregate would survive scrutiny. *State v. Magana*, 197 Wn. App. at 201 n.3. We did not draft a properly worded condition.

Another recent parallel decision is *State v. Norris*, 1 Wn. App. 2d 87, 404 P.3d 83 (2017), *review granted*, 190 Wn.2d 1002, 413 P.3d 12 (2018). Dominique Norris challenged a community custody condition that read: "Do not enter any parks/playgrounds/schools and or any places where minors congregate." *State v. Norris*, 1 Wn. App. 2d at 95. On appeal, the State conceded the unconstitutionality of the condition, so this court did not analyze the constitutionality in depth. This court relied on *State v. Irwin*, when accepting the State's concession. The *Norris* decision mentioned that Samuel Irwin's community custody condition allowed the community custody officer discretion in determining the banned sites. In dicta, this court agreed with *Norris* that removing the language "and or any places" would right the community custody

6

condition. Stated differently, this court approved of the language: "Do not enter any parks/playgrounds/schools where minors congregate." *State v. Norris*, 1 Wn. App. 2d at 95.

In this appeal, the State counters that Brandon Johnson's condition 14 has been adapted to be responsive to concerns raised in *State v. Irwin*. Presumably the State's argument would extend to concerns also raised by this court in *State v. Magana*. I agree, in part. Johnson's community custody condition no longer delegates to an officer the prerogative of identifying outlawed sites.

I would still hold that Brandon Johnson's condition 14 suffers from imprecision. The condition precludes Johnson from visiting any place where minor children congregate. Johnson likely can ascertain what human beings constitute minor children, although an ordinary person might question whether the phrase "minor children" extends to all minors or only people below an age lower than eighteen. Nevertheless, the words "place" and "congregate" lack specificity. Condition 14 does not limit itself to an exclusive list of locations. *State v. Irwin* suggests that listing places survives constitutional challenge but included in the decision's suggestion lies the assumption that the prohibited locations be exhaustive.

I note the statutory construction principle of ejusdem generis, that a general term when used in conjunction with specific terms incorporates only those things similar to or

7

comparable to the specific terms. *State v. Larson*, 184 Wn.2d 843, 849, 365 P.3d 740 (2015). I decline to employ this principle to save condition 14 from constitutional defeat. No court has applied ejusdem generis to restrict the extent of a community custody condition. The ordinary person would encounter difficulty in discerning the extent to which locations parallel parks, libraries, playgrounds, schools, school yards, daycare centers, skating rinks, and video arcades.

Brandon Johnson also argues that community custody condition 14 breaches his First Amendment rights. He contends that the condition violates his rights to the exercise of religion, since the condition precludes his attending worship services. He also maintains that the condition breaches his right to assembly. The majority does not address these contentions. I would remand the case for restructuring of condition 14, during which resentencing Johnson could again raise his First Amendment objections.

_____
Fearing, J.