**FILED**
**FEBRUARY 28, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35766-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT SPENCER CUFF, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert Spencer Cuff appeals two aspects of his sentence.  He argues (1) the sentencing court abused its discretion in failing to impose an exceptional sentence downward, and (2) several community custody conditions are unconstitutionally vague and improper.  We reject Mr. Cuff's first assignment of error, but accept the second.  This matter is therefore remanded with instructions to strike the challenged community custody conditions.

FACTS

Robert Cuff pleaded guilty to three counts of first degree child molestation, one count of second degree child molestation, and one count of communication with a minor for immoral purposes.  At sentencing, Mr. Cuff requested an exceptional sentence downward, based on his youth and impaired thinking.  Mr. Cuff supported his request with testimony from two mental health professionals.  The testimony revealed that Mr. Cuff had suffered head injuries as a youth, which caused impaired decision-making.

According to the mental health witnesses, Mr. Cuff's brain injuries likely impaired his ability to understand the harm caused by his offense conduct. Nevertheless, Mr. Cuff's condition was deemed treatable. According to the testimony, Mr. Cuff had responded well to treatment, expressed remorse for his actions, and posed a low risk of reoffending.

The sentencing court denied Mr. Cuff's request for an exceptional sentence downward and imposed a low-end standard range sentence. While an adult at the time of the guilty plea and sentencing, the court recognized Mr. Cuff was under 18 years of age at the start of his offense conduct. The court also noted the state of brain science research and the testimony regarding Mr. Cuff's head injuries and impaired judgment. While Mr. Cuff's circumstances warranted a low-end sentence,[1] the court did not find the facts of Mr. Cuff's case sufficiently compelling for an exceptional sentence downward. The court noted that Mr. Cuff continued his offense conduct into his 20s. In addition, despite his brain injury, Mr. Cuff had an average IQ[2] and good grades; he graduated from high school and went on to technical school; he was able to hold meaningful employment; and was even an Eagle Scout. Given these circumstances, the sentencing court concluded that Mr. Cuff should not be treated differently from other adult defendants.

---

[1] The State had sought a high-end sentence.
[2] Intelligence quotient.

As part of Mr. Cuff's community custody conditions, the sentencing court incorporated the treatment recommendations of Mr. Cuff's sex offender treatment provider. Relevant to this appeal, Mr. Cuff was ordered to comply with the following conditions, or "treatment goals":

> 1. [Mr. Cuff] will eliminate cognitive distortions (thinking errors) in his day-to-day interactions with others. This includes being able to identify and describe thinking errors used by himself and others.
> . . . .
> 3. [Mr. Cuff] will demonstrate sensitivity to the feelings and experiences of others, as evidenced by his participation in group therapy, his day-to-day interactions, as well as his discussions with other persons on his treatment team.
> 4. [Mr. Cuff] will demonstrate an accurate understanding of coercion and consent, and he will demonstrate the ability to seek verbal consent from others in all his behavior.
> 5. [Mr. Cuff] will gain a clear understanding of the impact of sexual abuse on victims.
> . . . .
> 7. [Mr. Cuff] will demonstrate a solid awareness of his treatment rules, and he will demonstrate the ability to avoid high risk situations, including use of pornography and situations where he would be around minor females who are under age 18.
> 8. [Mr. Cuff] will demonstrate responsible decision-making and honesty in his day-to-day life including appropriate use of leisure time. He should be expected to honestly report all of his day-to-day activities to his therapist.
> 9. [Mr. Cuff] will demonstrate honest, responsibility and concern in all relationships. All of his dating, social, and sexual relationships shall be reported accurately to his therapist as they develop to make sure that are [sic] developmentally appropriate and legal. He will need social skills training and support as he attempts to meet and develop relationships with age-appropriate females, who I consider to be age 18 or older.

3

10. [Mr. Cuff] will develop increased comfort in acknowledging his sexual feelings, and will gain appropriate information about legal and illegal sexual behavior and Washington sexual assault laws.
. . . .
12. [Mr. Cuff] will demonstrate internalization of treatment concepts, and a constructive and responsible lifestyle prior to the termination of treatment.

Clerk's Papers at 149-50.

Mr. Cuff timely appeals his sentence.

ANALYSIS

*Exceptional sentence*

Appeals of standard range sentences are generally prohibited. RCW 9.94A.585(1). When a defendant assigns error to a sentencing court's discretionary decision not to award an exceptional sentence downward, appellate review turns on whether the defendant can establish legal error such as (1) a categorical refusal to impose an exceptional sentence downward under any circumstances, (2) reliance on a constitutionally improper basis (sex, race, religion, etc.), or (3) failure to recognize discretion to impose an exceptional sentence downward. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017); *State v. Garcia-Martinez*, 88 Wn. App. 322, 328-29, 944 P.2d 1104 (1997).

Mr. Cuff has not established a basis for appellate relief. The sentencing court could have granted Mr. Cuff's request for an exceptional sentence downward, but it

4

was not required to do so. The sentencing court considered the evidence submitted by

Mr. Cuff; listened to defense counsel's detailed arguments in favor of mitigation,

including citations to the relevant case law; and then declined to issue an exceptional

sentence based on the specific facts of Mr. Cuff's case. This was an appropriate exercise

of sentencing discretion. It is not amenable to appellate scrutiny. *Garcia-Martinez*,

88 Wn. App. at 330.

*Community custody conditions*

Mr. Cuff claims the sentencing court abused its discretion by incorporating several

treatment recommendations by Mr. Cuff's sex offender treatment provider as conditions

of community custody. Specifically, he challenges conditions 1, 3-5, 7-10, and 12 as

impermissibly vague. The State concedes that the challenged conditions should be struck

from the judgment and sentence. Although no objection was raised to the community

custody conditions at the time of sentencing, this is a matter we may review for the first

time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008); *State v.*

*Irwin*, 191 Wn. App. 644, 650-51, 364 P.3d 830 (2015).

To satisfy due process, "a community custody condition must be sufficiently

definite that an ordinary person can understand what conduct is proscribed." *State v.*

*Johnson*, 4 Wn. App. 2d 352, 360, 421 P.3d 969, *review denied*, 192 Wn.2d 1003,

No. 35766-0-III
*State v. Cuff*

430 P.3d 260 (2018). "The condition also must be worded so as to protect against arbitrary enforcement." *Id.* Community custody conditions 1, 3-5, 7-10, and 12 do not meet this standard. The challenged conditions are treatment goals, requiring subjective assessment by a mental health professional. They do not set forth objective behavioral expectations, as is necessary for valid release conditions. We therefore accept the State's concession and remand so that conditions 1, 3-5, 7-10, and 12 may be struck.

## CONCLUSION

We remand to the sentencing court to strike community custody conditions, or treatment goals, 1, 3-5, 7-10, and 12 from Mr. Cuff's judgment and sentence. The judgment and sentence is otherwise affirmed. Appellate costs shall not be imposed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                Korsmo, J.

6