IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36604-9 -III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ISABEL * ROCHA, JR, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Isabel Rocha, Jr. appeals his Spokane County 2019 judgment and sentence imposed following his guilty plea to one count of first degree rape of a child and one count of first degree child molestation. Mr. Rocha challenges a community custody condition and the imposition of interest on his legal financial obligations (LFOs). We accept the State's concession as to the legal financial obligations, and remand for correction of the judgment and sentence.

FACTS

The State charged Mr. Rocha with rape of a child in the first degree and child molestation in the first degree based on allegations of inappropriate sexual contact with the minor daughters of Mr. Rocha's neighbors. Mr. Rocha pleaded guilty after the State agreed to amend the charges to reflect their commission against only one child.

At sentencing, the court imposed conditions of community custody, including a condition that Mr. Rocha "not frequent parks, playgrounds, schools or other locations

frequented by minors." Clerk's Papers (CP) at 120 (Condition 12). The court also assessed

$600 in LFOs consisting of a victim assessment and a DNA (deoxyribonucleic acid)

collection fee, but reserved the issue of restitution. The judgment and sentence contained a

boilerplate paragraph providing that the LFOs imposed in the judgment "shall bear interest

from the date of the judgment until payment in full." *Id*. at 106. Mr. Rocha timely appeals.

ANALYSIS

Mr. Rocha initially argues that the interest accrual provision must be struck from his

judgment and sentence based on *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

The State concedes, and we agree.

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from

imposing discretionary LFOs on defendants who are indigent at the time of sentencing.

LAWS OF 2018, ch. 269, § 6(3); *Ramirez,* 191 Wn.2d at 746. *Ramirez* held that the

amendment applies prospectively and is applicable to cases pending on direct review and

not final when the amendment was enacted. Among the changes was an amendment to RCW

10.82.090(1) to provide that "[a]s of June 7, 2018, no interest shall accrue on

nonrestitution legal financial obligations." LAWS OF 2018, ch. 269, §§ 1, 17(2)(h), 18.

The parties agree that *Ramirez* controls Mr. Rocha's appeal. He was indigent

throughout the trial court proceedings and remains indigent on appeal. Accordingly, the

interest accrual provision should be struck pursuant to *Ramirez*. Given that the corrections

will involve no exercise of the court's discretion, Mr. Rocha's presence is not required at any hearing to make this ministerial correction. *See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

Mr. Rocha also argues that community custody condition 12, prohibiting him from frequenting "locations frequented by minors," is unconstitutionally vague and must be modified.

Community custody conditions are unconstitutionally vague if they fail to provide ordinary people fair warning of the proscribed conduct, or fail to establish standards that are definite enough to protect against arbitrary enforcement. *State v. Bahl*, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Conditions of community custody may be challenged for the first time on appeal and, where the challenge involves a legal question that can be resolved on the existing record, preenforcement. *State v. Padilla,* 190 Wn.2d 672, 677, 416 P.3d 712 (2018) (citing *Bahl,* 164 Wn.2d at 744). This court reviews community custody conditions for abuse of discretion. *Id.* (citing *State v. Irwin,* 191 Wn. App. 644, 652, 364 P.3d 830 (2015)). A trial court necessarily abuses its discretion if it imposes an unconstitutional community custody condition, and we review constitutional questions de novo. *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619, 621 (2019).

Several appellate decisions in recent years have considered vagueness challenges to community custody conditions similar to the one at issue here. *See, e.g.*, *State v. Irwin*,

3

191 Wn. App. 644, 652, 655, 364 P.3d 830 (2015) (condition reading "'Do not frequent areas where minor children are known to congregate, as defined by the supervising [community custody officer]'" was unconstitutionally vague in the absence of clarifying language or an illustrative list of prohibited locations); *State v. Norris*, 1 Wn. App. 2d 87, 95, 404 P.3d 83 (2017), *reversed in part on other grounds by State v. Nguyen*, 191 Wn.2d 671, 425 P.3d 847 (2018) (accepting State's concession that condition stating "'Do not enter any parks/playgrounds/schools and or any places where minors congregate'" was unconstitutionally vague); *State v. Johnson*, 4 Wn. App. 2d 352, 360, 421 P.3d 969 (2018) (upholding condition requiring defendant to avoid "'places where children congregate to include, but not limited to: parks, libraries, playgrounds, schools, school yards, daycare centers, skating rinks, and video arcades,'" and noting that a clarifying list of prohibited places need not be exclusive).

The Washington Supreme Court recently considered a similar condition in *State v. Wallmuller*, 194 Wn.2d 234, 237, 449 P.3d 619 (2019). The condition at issue provided that the defendant "'shall not loiter nor frequent places where children congregate such as parks, video arcades, campgrounds, and shopping malls.'" A majority of the Court held that although the phrase "where children congregate" was vague on its own, it was sufficiently specific when modified by a nonexclusive list of places illustrating its scope. *Id.* at 245.

In reaching that decision, the *Wallmuller* Court distinguished the condition at issue from the offending condition at issue in *Norris*, which prohibited the defendant from "'enter[ing] any parks/playgrounds/schools and or any places where minors congregate.'" *Norris*, 1 Wn. App. 2d at 95. Division One of this court struck the phrase "'and or any places'" so that the condition read "'Do not enter any parks/playgrounds/schools where minors congregate. '" *Id.* at 95-96. The *Wallmuller* Court noted that although the *Norris* opinion contained no analysis of the court's reason for accepting the State's concession as to vagueness, its revision to the condition suggests that the court was "concerned with the alternative 'and or' phrasing that arguably left the phrase, 'where children congregate' unmodified." *Wallmuller*, 194 Wn.2d at 240. The Court noted that this was consistent with other Washington cases and at least one federal case, *United States v. Peterson*, 248 F.3d 79, 86 (2d Cir. 2001) (holding condition prohibiting defendant from "being on any school grounds, child care center, playground, park, recreational facility or in any area in which children are likely to congregate" is vague because it is "not clear whether the clause 'in which children are likely to congregate' applies only to 'any area' or to the other places listed").

Mr. Rocha contends that the condition at issue does not satisfy the *Wallmuller* standard because the use of the disjunctive "or" language to impose a catch-all prohibition is not limited by the nonexclusive list of places and the condition is therefore overly vague,

5

similar to *Norris* and *Peterson*. The State contends that *Peterson* is distinguishable because the condition specifically states "'*or other* locations frequented by minors,'" and the use of "'other'" clearly means the condition is in addition to the enumerated places and therefore the illustrative list cannot be interpreted as being divorced from the general condition, unlike *Peterson*. Br. or Resp't at 2-3 (emphasis added).

At least one other state court has approved the use of similar language. *See Wilfong v. Commonwealth*, 175 S.W.3d 84, 101 (Ky. Ct. App. 2004) (rejecting vagueness challenge to condition prohibiting defendant from "residing near, visiting or being in or about parks, schools, day care centers, swimming pools, beaches, theaters, *or other places where children congregate*," noting that the prohibition was sufficiently precise because "[a] commonsense reading . . . suggests an interplay between the several places listed and the reference to locations where children congregate") (emphasis added). However, there appear to be no federal cases discussing conditions with similar "or other" language. It further appears the Washington Supreme court has never considered whether the use of "other" with the disjunctive "or" apparently disapproved of by *Norris* renders a condition sufficiently precise.

This court need not resolve this novel issue. The parties agree that remand is necessary to strike the LFO interest accrual provision. Accordingly, we also direct the superior court on remand to correct condition 12 to read "Do not frequent locations

6

frequented by minors such as parks, playgrounds, and schools" to ensure compliance with *Wallmuller*.

## CONCLUSION

We agree with the parties that the LFO interest accrual provision must be struck pursuant to *Ramirez*. We remand for the sentencing court to strike the interest provision and to correct condition 12 to ensure compliance with the Supreme Court's decision in *Wallmuller*.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____          _____
Siddoway, J.                     Lawrence-Berrey, J.

7