# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53307-3-II |
| Respondent, | |
| v. | |
| TRAVIS MICHAEL DENBO, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — A jury convicted Travis Denbo of two counts of child molestation in the first degree, each with an aggravating factor, and two counts of communicating with a minor for an immoral purpose. Denbo argues that the trial court improperly excluded impeachment evidence of the victim, SB. Additionally, Denbo challenges a community custody condition that prohibits him from possessing any photograph of a minor. Denbo also submitted a statement of additional grounds (SAG). We affirm the convictions and remand to the trial court to strike the portion of community custody condition 17 that prohibits him from possessing photographs of minors.

## FACTS

Denbo had a dating relationship with SB's mother when he sexually assaulted SB. Although SB lived with her mother, her two half-brothers, and her grandparents, she would spend weekends with Denbo. Denbo lived in a fairly small apartment with his mother, who was present in the apartment when the sexual assaults occurred. She heard nothing even though the apartment had thin walls and quiet sounds could be heard through them.

SB testified that during her visits with Denbo, multiple incidents of sexual assault occurred. On two occasions, Denbo placed a handheld massager on her genital area. During a bath, Denbo placed whipped cream in her mouth using his tongue. On another occasion, Denbo showed SB a webpage containing photographs of underwear. Denbo later purchased two pairs of underwear and asked SB to model them for him, which she did.

SB's mother called the police after SB told her about Denbo's conduct. The State charged Denbo with three counts of child molestation in the first degree, all with an aggravating factor, and two counts of communicating with a minor for immoral purposes.[1]

The case proceeded to trial, and Denbo sought to impeach SB's credibility through the testimony of another witness. Denbo wanted to question the witness about an incident at a fireworks stand where SB allegedly exaggerated the circumstances of the incident to avoid punishment for harming one of her half-brothers. Even though SB had testified, Denbo never questioned her about this incident.

Denbo argued the evidence was "relevant to this case because [SB's] credibility [was] relevant." 7 Report of Proceedings (RP) at 434. The trial court asked Denbo to specify what evidence rule allowed it to be admitted, even assuming the evidence was relevant.

Denbo stated the credibility of a witness could be attacked under either ER 608 or ER 607, but that he was not relying on either of those rules. Denbo also stated he was not seeking to admit the testimony as character evidence or habit evidence under ER 405 or ER 406. After a discussion about the issue, the court told Denbo he would have a later opportunity to further explain why this impeachment evidence should be admitted.

---

[1] One of the child molestation in the first degree counts was dismissed and the jury did not consider it.

2

After additional witnesses had testified, the court again invited Denbo to provide support for the admission of the impeachment evidence. Denbo stated that the evidence could have been admitted under ER 608(b), but because he had not questioned SB about it during cross-examination, the rule did not apply.

The court then listed seven reasons for not admitting the evidence. Although Denbo did not proffer the evidence under ER 404(b), the court explained that rule was not a basis for admission. The court excluded the evidence.

A jury convicted Denbo of two counts of child molestation in the first degree with an aggravating factor, and two counts of communication with a minor for immoral purposes. The court sentenced Denbo to prison and imposed community custody conditions. During the sentencing hearing, the court imposed several community custody conditions, including one that stated Denbo shall "[h]ave no direct and/or indirect contact with minors, nor pictures of any minors at all, to include relatives." Clerk's Papers (CP) at 187. Denbo objected to this condition, but the court imposed it.

Denbo appeals.

## ANALYSIS

### I. EXCLUDED EVIDENCE

Denbo argues that the trial court abused its discretion by excluding Denbo's proffered impeachment evidence and that the exclusion of the evidence violated his right to present a defense. Denbo argues that because the evidence was relevant, it should have been admitted. We disagree.

Pursuant to *State v. Arndt*, 194 Wn.2d 784, 797-98, 453 P.3d 696 (2019), and *State v. Clark*, 187 Wn.2d 641, 648-56, 389 P.3d 462 (2017), we review constitutional challenges to evidentiary rulings utilizing a two-step process. We first review the evidentiary ruling under an abuse of discretion standard. *Arndt*, 194 Wn.2d at 797-98; *Clark*, 187 Wn.2d at 648-49. We then review the constitutional question of whether the court violated the defendant's right to present a defense. *Arndt*, 194 Wn.2d at 797-98; *Clark*, 187 Wn.2d at 648-49. "If the court excluded relevant defense evidence, we determine as a matter of law whether the exclusion violated the constitutional right to present a defense." *Clark*, 187 Wn.2d at 648-49.

A trial court abuses its discretion when its decision is based on untenable grounds, an erroneous view of the law, or if it is manifestly unreasonable. *State v. Quismundo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008). Appellate courts defer to the trial court's rulings unless "'no reasonable person would take the view adopted by the trial court.'" *Clark*, 187 Wn.2d at 648 (internal quotation marks omitted) (quoting *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001)).

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401; *see also State v. Farnsworth*, 185 Wn.2d 768, 782-83, 374 P.3d 1152 (2016). "Evidence which is not relevant is not admissible." ER 402. Relevant evidence that is excluded by other rules, is not admissible. ER 402.

Here, the court did not abuse its discretion by excluding the proposed evidence. This impeachment evidence had minimal relevance; however, the Evidence Rules preclude its admission.

Denbo acknowledged below that the evidence should not be admitted under ER 607 or 608. We agree. "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . may not be proved by extrinsic evidence." ER 608(b). In some circumstances, and at the discretion of the court, they may be inquired into on cross-examination of the witness. ER 608(b). Here, Denbo failed to cross-examine SB on this subject and instead sought to admit the proffered evidence through extrinsic evidence in violation of ER 608(b).

Denbo argues for the first time on appeal that the court erred in excluding the testimony because it "is specifically allowed under ER 404." Appellant's Br. at 11. He further argues that evidence of prior bad acts is admissible "when offered to assist the jury in evaluating the credibility of a victim." Appellant's Br. at 11. We disagree.

Denbo did not attempt to admit this impeachment evidence at trial pursuant to ER 404; however, the court stated this rule did not allow its admission. Therefore, we address it.

ER 404(b) does not allow for the admission of prior bad acts "to prove the character of a person in order to show action in conformity therewith." It applies to the admission of substantive evidence. Here, Denbo sought to admit the evidence for the limited purpose of impeaching SB. Denbo sought to use this evidence to improperly impeach SB on a collateral matter. *See State v. Wilson*, 60 Wn. App. 887, 891, 808 P.2d 754 (1991). He also improperly sought to admit the evidence to prove a character trait of SB, in contravention of ER 404(b).

In addition, Denbo's reliance on *State v Magers*, 164 Wn.2d 174, 189 P.3d 126 (2008), is misplaced. In *Magers*, evidence of the defendant's prior bad acts, including prior domestic violence incidents as well as those that lead to his arrest for domestic violence, were properly admitted. They were relevant to an element of the charged crime. They also allowed the jury to

5

assess the credibility of the victim and understand why she told conflicting stories. Here, the proffered evidence related not to Denbo, but to the victim. The court did not abuse its discretion in denying the admission of the evidence.

Next, Denbo argues that the trial court's failure to admit the proffered evidence violated his right to present a defense.

Criminal defendants have a constitutional right to present a defense. U.S. CONST. amends. V, VI, XIV; WASH. CONST. art. I, §§ 3, 22; *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973).

"The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). A defendant's right to present a defense is subject to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302; *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 296, 359 P.3d 919 (2015).

Appellate courts must balance a defendant's need for the evidence with the state's interest in excluding it. *Arndt*, 194 Wn.2d at 812. Under certain circumstances where the evidence is of high probative value, "it appears no state interest can be compelling enough to preclude its introduction consistent with the Sixth Amendment and [Washington] Const[itution] art[icle] 1 § 22." *State v. Hudlow*, 99 Wn.2d 1, 16, 659 P.2d 514 (1983).

A trial court may violate a defendant's right to present a defense if it refuses to admit evidence that represents the defendant's "entire defense." *State v. Jones*, 168 Wn.2d 713, 724, 230 P.3d 576 (2010). In *Jones*, the court held that the defendant's right to present a defense was violated because of the exclusion of evidence relating to the rape victim's consent to sex. 168

Wn.2d at 721. The court concluded that such evidence was of "extremely high probative value" because, if believed, it would have proved consent. *Jones*, 168 Wn.2d at 721. Therefore, the evidence was the defendant's "entire defense" and should have been admitted. *Jones*, 168 Wn.2d at 721.

The trial court here did not violate Denbo's right to present a defense because the court's evidence ruling did not prevent Denbo from presenting a defense. Denbo sought to admit the impeachment evidence because it related to SB's credibility. Unlike the evidence in *Jones*, the evidence here would not have disproved any of the charges against Denbo; it would only have helped the jury assess SB's credibility. This evidence is not the type of highly probative evidence that the court in *Jones* determined must be admitted. 168 Wn.2d at 721.

More importantly, Denbo was still able to attack SB's credibility through other testimony, thus the fireworks stand testimony was not his entire defense. For example, Denbo's mother testified that she was present in the apartment and could hear even quiet noises due to thin walls. This testimony rebutted SB's credibility by challenging her version of events.

To the extent that Denbo is arguing all relevant evidence should be admitted, notwithstanding the rules of evidence, we reject that argument. It is contrary to well-settled law. *Taylor*, 484 U.S. at 410.

We conclude that the trial court neither abused its discretion nor violated Denbo's right to present a defense.

II.      COMMUNITY CUSTODY CONDITION

Denbo challenges the portion of community custody condition 17 that prohibits him from possessing photographs of minors. He argues the condition is not crime related, is constitutionally

overbroad, and is not necessary to accomplish the essential needs of the State. We agree that the condition is not crime related.

"Conditions of community custody are set forth as part of the Sentencing Reform Act of 1981 (SRA) [chapter 9.94A RCW], and include conditions that are mandatory, conditions that are presumptively imposed but are waivable, and conditions that are wholly discretionary." *State v. Lee*, 12 Wn. App. 2d 378, 401, 460 P.3d 701 (2020) (footnote omitted); RCW 9.94A.703(1)-(3). "A court is authorized to impose discretionary community custody conditions as part of a sentence." *Lee*, 12 Wn. App. 2d at 401; RCW 9.94A.703(3). We review the imposition of community custody conditions for an abuse of discretion. *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). "A trial court necessarily abuses its discretion if it imposes an unconstitutional community custody condition, and we review constitutional questions de novo." *Wallmuller*, 194 Wn.2d at 238.

A crime-related prohibition must directly relate to the circumstances of the crime for which the offender was convicted. RCW 9.94A.030(10). "To resolve crime-relatedness issues, a court will review the factual basis for the condition under a 'substantial evidence' standard." *State v. Padilla*, 190 Wn.2d 672, 683, 416 P.3d 712 (2018) (internal quotation marks omitted) (quoting *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015)). Under this standard, we strike a community custody condition if there is no evidence connecting the crime to the condition. *Padilla*, 190 Wn.2d at 683. A condition restricting access to certain materials must be "reasonably necessary to accomplish the essential needs of the state and public order." *Padilla*, 190 Wn.2d at 684. When a community custody condition implicates constitutionally protected material, the condition must be "narrowly tailored to further the State's legitimate interest." *Padilla*, 190 Wn.2d at 683.

8

When the record contains no evidence connecting the crime to an imposed community custody condition, courts will conclude that the condition is not crime related. *State v. Johnson*, 4 Wn. App. 2d 352, 359, 421 P.3d 969 (2018).

Here, the challenged portion of the community custody condition that prohibits Denbo from possessing photographs of minors is not crime related. The record does not contain evidence that Denbo used or possessed photographs of minors. While evidence exists that Denbo showed SB photographs of underwear on the Internet, it is not related to possessing photographs of minors.

Because the condition is not crime related, we conclude it is improper.[2]

III.    STATEMENT OF ADDITIONAL GROUNDS (SAG)

Denbo asserts three additional issues in his SAG. First, Denbo asserts there was evidence that SB's mother had previously accused her half-brothers' biological father of child molestation. Second, he asserts that the underwear SB testified about was never found. Finally, he argues the following errors occurred during the investigation and trial: the first search warrant had an incorrect address, he was never completely read his *Miranda*[3] rights, court documents had his name misspelled, and he was never told about a plea deal that the prosecution offered.

RAP 10.10(c) provides that "[r]eferences to the record and citation to authorities are not necessary or required," but the appellant must "inform the court of the nature and occurrence of the alleged errors." We reject Denbo's assertions because they are outside our record, vague, or not errors.

---

[2] Because of our resolution of this issue, we do not address Denbo's other arguments on this issue.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

We affirm the convictions and remand to the trial court to strike the portion of community custody condition 17 that prohibits him from possessing photographs of minors.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Glasgow, J.